FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 NOV 10 P 3: 37

US DISTRICT COURT
HARTFORD CT

EMMANUEL B. SMITH, JR.,           :

    Petitioner,                  :
                                    :    PRISONER CASE NO.
v.                                  :    3:03-cv-676 (RNC)
                                    :
JOHN TARASCIO, WARDEN               :
THERESA LANTZ,                      :
JOHN ROWLAND,                       :
                                    :
    Respondents.                 :

## RULING AND ORDER

Petitioner Emmanuel B. Smith, Jr., a Connecticut inmate, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction [Doc. #2]. The petition contains numerous claims as to which petitioner has not exhausted his state remedies and one claim as to which his state remedies have been exhausted. As explained below, the unexhausted claims must be dismissed without prejudice and petitioner must decide whether he wants to proceed on the exhausted claim alone or exhaust the other claims in state court before returning here.

I.  Background

In August 1998, Stamford police officers arrested petitioner, searched his car without a warrant, discovered narcotics, and charged him with narcotics offenses and interfering with a police officer. In April 1999, the trial

court found that the search of the car was not covered by any exception to the warrant requirement and granted petitioner's motion to suppress. The narcotics charges were dismissed and the interfering charge was nolled. The state appealed the trial court's order suppressing the seized evidence. In July 2001, the Connecticut Supreme Court ruled that the search fell within an exception to the warrant requirement. State v. Smith, 777 A.2d 182 (2001). Petitioner was subsequently convicted on all three narcotics counts. In January 2003, he was sentenced to imprisonment for seven years. In February 2003, he appealed the judgment of conviction to the Connecticut Appellate Court. In April 2003, he filed this action.

II. Discussion

A prerequisite to federal habeas relief under § 2254 is the exhaustion of all available state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A state prisoner must give the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appeal process. O'Sullivan, 526 U.S. at 845.

Petitioner makes eleven claims in support of his petition. He claims: (1) he was convicted based on evidence obtained in violation of the Fourth Amendment, (2) his arrest was unlawful, (3) his privilege against self-incrimination was violated, (4) the prosecution failed to disclose exculpatory evidence, (5) the

trial judge and prosecution deprived the jury of its fact-finding function, (6) he was subjected to double jeopardy, (7) he was denied effective assistance of counsel, (8) he was punished as a pretrial detainee, (9) state officials played a "shell game" of rights and remedies, (10) the prosecutor engaged in misconduct and (11) the state used perjured testimony at trial and allowed untrue testimony to go uncorrected.

Petitioner states that he has raised the first two claims in the appeal currently pending in the Connecticut Appellate Court. He does not state that he has raised the other claims on that appeal or taken any other steps to exhaust his state remedies with regard to those other claims. Thus, he plainly has not exhausted state remedies with regard to almost all the claims in the petition.

The only exhausted claim in the petition is the Fourth Amendment unlawful search claim, which has been rejected by the Connecticut Supreme Court, see State v. Smith, 777 A.2d 182 (2001).

When as in this case a petition contains exhausted and unexhausted claims, unexhausted claims must be dismissed and the court can either dismiss or stay proceedings on exhausted claims. See Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001). If exhausted claims are dismissed, the petitioner has the option of dropping all unexhausted claims and resubmitting a petition

containing only exhausted claims or, alternatively, exhausting all his claims before refiling in federal court. Id. at 362.

Whether to stay or dismiss exhausted claims depends mainly on how the exhausted claims stand with regard to the one-year statute of limitations that applies to filing habeas petitions. See 28 U.S.C. § 2244(D)(2). If only a short time remains before the one-year period will expire, a stay may be necessary to avoid jeopardizing the timeliness of the claims. See Zarvela, 254 F.3d at 382-83.

In this case, a stay is unnecessary to avoid jeopardizing the timeliness of the Fourth Amendment claim challenging the search of the car. Either the claim is already time-barred because the one-year period started running when the claim was rejected by the State Supreme Court in July 2001 (well over one year before this petition was filed), and was never tolled, or there is plenty of time remaining in the one-year period because petitioner filed this petition only a couple of months after being sentenced and only a month after filing an appeal from his conviction. In this situation, petitioner should be given an opportunity to decide whether he wants to proceed on the Fourth Amendment claim alone or, alternatively, forego further proceedings in this court until he exhausts all his claims.

III. Conclusion

Accordingly, all claims in the petition must be dismissed

without prejudice for failure to exhaust state remedies except the Fourth Amendment unlawful search claim.  If petitioner wants to proceed on that claim at this time, he must file within 30 days a notice withdrawing all the other claims.  If no such notice is filed, all the claims in the petition will be dismissed without prejudice.

So ordered.

Dated at Hartford, Connecticut this 7th day of November, 2003.

_____
Robert N. Chatigny
United States District Judge