UNITED STATES DISTRICT COURT
District of Connecticut

page ① of ⑫

Emmanuel Smith
   petitioner
vs.
John Tarasci - warden,
Theresa Lantz - commissioner,
John G. Rowland

case 3:03-CV-676(RNC) N.D.

Response on ruling and order received on date November 24-2003. Also notice that the petitioner wants to proceed on exhausted claim in the petition which is the Fourth Amendment unlawful search and seizer claim. In addition notice is now given withdrawing other claims not exhausted yet.

There are some conclusions in the ruling and order that are Factually not correct, these factual not correct conclusions are as Follows:

(1) On August 27-1998 there was no probable cause found for interfering with a police officer - Connecticut General Statutes section 53a-167a at arraignment pursuant to Connecticut General Statutes Section 54-1f(b)(d), Connecticut Rules of court section 37-12. Defendant in custody; Determination of <u>probable cause</u>. (2) Now there being no probable cause found for the original arrest charge, puts further proceeding with this charge in violation of Connecticut General Statutes section 53-39. Malicious prosecution. (3) in addition my arrest being unlawful has also been exhausted. (4) The search of the car was not incident to a valid arrest, (5) the arrest itself was not valid, (6) the search of the car was not incident to my (Emmanuel Smith's) arrest in the construction yard. All of these issues were presented in my Brief to the supreme court S.C. 16254, a copy of the cover of Brief and

Certification of service by Lauren Weisfeld my attorney at the time has been submitted with this response. Also the interfering charge was not nolled, this charge that no probable cause was found, that was never stated at arraignment by states attorney as one of my charges was dismissed on date 4-6-99, 4-7-99, attached is the transcript of my arraignment on date 8-27-98 and the dismissal form from 4-6-99, 4-7-99 for the interfering charge. But this issue, its my wish to get into further.

It also states in Ruling and Order - Background of case that petitioner Emmanuel Smith, subsequently was convicted on all three narcotics counts on page 2 of the ruling and order. The proper fact of this issue is I (Emmanuel Smith) was convicted for one charge not all three, and that one charge was possession of narcotics C.G.S. section 21a-279(a).

This issue just previously stated looks and seems ambiguous, one reason is because if your found innocent for one or two charges you have to be found innocent for all charges, those charges being possession of narcotics C.G.S. No 21a-279(a), possession of narcotics with intent to sell C.G.S. No 21a-278(a), possession of narcotics within 1500 feet of housing project C.G.S. No 21a-278a(b).

It also seems as a defendant I was deliberately denied common law doctrine of merger, and I have always thought a criminal defendant is protected against jury irrationality and error.

Honorable Robert N. Chatigny United States District Judge, no one is trying to correct this injustice and I have served 21 months and with 7 months 11 day as a pretrial detainee from date 8-27-98 to 4-7-99 I've served 28 months also I've been cut in the abdomen and burned very badly and being violently assaulted in prison is simply not part of the penalty that

that criminal offenders pay for there offenses against society. See Farmer v. Brennan, 511 U.S. 825, 833 (1994).

Honorable Robert N. Chatigny, I can sit here and quote my understanding of how I've been wronged but I believe it's clear and to be right up front with you, I'm so so very tired of all that I've been through, all I want to do is go home. I still have a home and never be involve with any typ of wrong doing and thats right from the heart, I have the scars to remind me of this conviction-oath I make for the rest of my life!!!...

One more thing Honorable Robert N. Chatigny, "If the government in all it's forms, police and prosecutors could always be trusted to do the right thing, there would have never been a need for the Bill of Rights," nor "does prosecutor represent an entity whose interests include winning at all costs; prosecutor's client is society, which seeks justice not victory. Thank you for your time.

Relief requested is as follows:

1). Immediate release from involuntary placement in connecticut correctional facility.; and/or

2). for such further relief as the nature of this cause may require. 12-5-03
Date
/s/ _____
petitioner

DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that I am is the petitioner in this action, that I have written this response and the information contained is true and correct to the best of my information, knowledge and belief. 28 U.S.C. section 1746; U.S.C section 1621. 12-5-03
Date
/s/ _____
petitioner

## CERTIFICATION

This is to certify that a copy of the foregoing motions has been delivered or mailed to defendant - administrater - warden of the Bridgeport correctional center at 1106 North Avenue, Bridgeport, Connecticut 06606 on the date 12-5-03.

_____
Emmanuel Smith

| SUP. CT. JDCR 70, DP REV. 8/90 | STATE OF CONNECTICUT SUPERIOR COURT | | |
|---|---|---|---|
| ORIGINAL INFORMATION: YES | COURT DATE: 08/27/1998   AT: GA01 - STAMFORD | DOB: 11/05/1969 DISPOSITION DATE: | DOCKET NO.: CR98-0124871-S |

The undersigned, Deputy Assistant State's Attorney of the Superior Court of the State of Connecticut, in said Geographical Area, on his oath of office complains, deposes, and alleges that he has reason to believe and does believe that

(1)   4/7/99

SMITH EMMANUEL B JR
87 MYANO LN, STAMFORD, CT 00000

**Did commit the crimes recited below:**

Count: 001   POSSESSION OF NARCOTICS         Type/Class: F/U   At: STAMFORD
On or About: 08/26/1998                                In Violation Of CGS/PA No: 21a-279(a)

Count: 002   SALE OF CERTAIN ILLEGAL DRUGS   Type/Class: F/U   At: STAMFORD
On or About: 08/26/1998                                In Violation Of CGS/PA No: 21a-278(a)

Count: 003   CNT SUB WI 1500' SCH/HSG/DY CR  Type/Class: F/U   At: STAMFORD
On or About: 08/26/1998                                In Violation Of CGS/PA No: 21a-278a(b)

X SEE OTHER SHEETS FOR ADDITIONAL COUNTS

| DATE | SIGNED (DEPUTY ASST. STATES ATTORNEY) |
|---|---|
|  |  |

**COURT ACTION**

DEFENDANT ADVISED OF RIGHTS BEFORE PLEA
(JUDGE) Tobin (J)   8-27-98 (DATE)
BOND $100,000   SURETY
☐ CASH   ☐ REDUCTION   B.O.   ☐ APPEAL
ELECTION: ☐ COURT   ☐ JURY
☒ ATTY.   ☐ PUB. DEFENDER   GUARDIAN
Morantz 2-19-99
☐ ELECTION WITHDRAWN DATE
☐ SEIZE PROP

| COURT NO. | PLEA DATE | PLEA | PLEA WITHDRAWN DATE | NEW PLEA | VERDICT PENDING | FINE | X MAX/MIN X JAIL | ADDITIONAL DISPOSITION |
|---|---|---|---|---|---|---|---|---|
| 001 | 8-27-98 | NG | | | | | Dismissed | |
| 002 | 8-27-98 | NG | | | | | Dismissed | insufficient evidence |
| 003 | 8-27-98 | NG | | | | | Dismissed | |

| DATE | OTHER COURT ACTION | JUDGE | CONTINUANCES DATE / PURPOSE / REA |
|---|---|---|---|
| 8-27-98 | PC found | Tobin (J) | 1. 10-8-98 (X) |
| 8-27-98 | PD appt   PUBLIC DEFENDER APPOINTED | Tobin (J) | 2. $100,000 |
|  | Medical attn. |  | 3. 3-2-99 |
|  |  |  | 4. 3-31-99 J |
| 11-5-98 | Motion Bond Red = Denied | Bingham | 5. 4-1-99 J |
| 1-26-99 | Motion Bond Reduction to $25,000 denied without prejudice | Comerford | 6. |
|  |  |  | 7. 4-6-99 J |
|  |  |  | 8. 4-7-99 J |
| 2-19-99 | File Ordered Transferred To G.A.20 at Norwalk for Consolidation with Pending GA 20 Matter(s) |  | 9. |
|  |  |  | 10. |

| FINE PAID | RECEIPT NO. | MITTIMUS DATE | TRIAL TOWN Norwalk | ☒ SEE REVERSE |
|---|---|---|---|---|
| PROSECUTOR ON ORIGINAL DISPOSITION M. Carlucci Pernacchio | REPORTER ON ORIGINAL DISPOSITION Opper | SIGNED CLERK X | SIGNED JUDGE | |

| ORIGINAL INFORMATION: | YES | COURT DATE: 08/27/1998 | AT: GA01 - STAMFORD | | DISPOSITION DATE: 4/7/99 |
|---|---|---|---|---|---|
| | | | | | DOCKET NO.: CR98-0124871-S |

The undersigned, Deputy Assistant State's Attorney of the Superior Court of the State of Connecticut, in said Geographical Area, on his oath of office complains, deposes, and alleges that he has reason to believe and does believe that

SMITH EMMANUEL B JR
87 MYANO LN, STAMFORD, CT 00000

**Did commit the crimes recited below:**

Count: 004    INTERFERE WITH OFFCR/RESISTING    Type/Class: M/A    At: STAMFORD
On or About: 08/26/1998                                            In Violation Of CGS/PA No: 53a-167a

| SEE OTHER SHEETS FOR ADDITIONAL COUNTS | DATE | SIGNED (DEPUTY ASST. STATES ATTORNEY) |
|---|---|---|

**COURT ACTION**

| DEFENDANT ADVISED OF RIGHTS BEFORE PLEA | | BOND | SURETY | | ELECTION | |
|---|---|---|---|---|---|---|
| (JUDGE) | (DATE) | REDUCTION | B.O. | ☐ CASH ☐ APPEAL | ☐ COURT ☐ JUR | |
| ☐ ATTY. ☐ PUB. DEFENDER    GUARDIAN | | | | | ELECTION WITHDRAWN DATE ☐ | ☐ SEIZED PROP |

| COURT NO | PLEA DATE | PLEA | PLEA WITHDRAWN DATE | NEW PLEA | VERDICT PENDING | FINE | X DAYS X JAIL | ADDITIONAL DISPOSITION |
|---|---|---|---|---|---|---|---|---|
| 004 | | | | | | | | Nolled 4-6-99 Dismissed |

| DATE | OTHER COURT ACTION | JUDGE | CONTINUANCES |
|---|---|---|---|
| 2-19-99 | Motion for Bond Reduction Renewed. Motion To Reduce Bond Denied. Mitts should Reflect That A Requires Medical Treatment. | [signature] | |

| FINE PAID | RECEIPT NO. | MITTIMUS DATE | TRIAL TOWN Norwalk | SIGNED CLERK | SIGNED JUDGE | ☐ SEE REVERSE |
|---|---|---|---|---|---|---|
| PROSECUTOR ON ORIGINAL DISPOSITION [signature] | REPORTER ON ORIGINAL DISPOSITION [signature] | | | | | |

| DATE | | JUDGE |
|---|---|---|
| 4-1-99 | Motion to Dismiss — denied lack of PC | Rodriguez, J. |
| | Motion to Suppress — reserve ruling | |
| | Motion to disclose identity of informer denied | Rodriguez, J. |
| 4-1-99 | Motion to dismiss denied in part motion deferred ③ | Rodriguez, J. |
| 4-6-99 | Motion to suppress any contraband seized from a certain vehicle | Rodriguez, J. |
| | State — there was a warrantless arrest | |
| | State — was there probable cause for the arrest | |
| 4-6-99 | Motion to Suppress — Granted. Contraband & any personal effects are suppressed. Based on the knowledge of Confidential Informant, property seized w/out a warrant, M.V. items seized without warrant. Case continued to 4-7-99 | Rodriguez, J. |
| 4-7-99 | Mtn to Dismiss Granted All Counts Dismissed | Rodriguez |

| | |
|---|---|
| CR-98  124871  S | : SUPERIOR COURT |
| STATE OF CONNECTICUT | : STAMFORD/NORWALK J.D. |
| VS | : AT STAMFORD |
| EMANUEL SMITH | : AUGUST 27, 1998 |

BEFORE:
    THE HON. RICHARD J. TOBIN, JUDGE

APPEARANCES:
    STEVE WEISS, ESQ.,
    ASSISTANT STATE'S ATTORNEY

    TERRANCE MARTIN,
    BAIL COMMISSIONER

    HOWARD EHRING, ESQ.,
    ATTORNEY FOR THE DEFENDANT

    JENNIFER L. CONTI
    COURT MONITOR

| | |
|---|---|
| 1 | MR. WEISS: Emanuel Smith---line sixteen. He was arrested without a warrant, charged with possession of narcotics, possession with intent to sell, possession within ten to fifteen hundred feet of a school or housing project. |

MR. WEISS: Emanuel Smith---line sixteen. He was arrested without a warrant, charged with possession of narcotics, possession with intent to sell, possession within ten to fifteen hundred feet of a school or housing project.

THE COURT: All right, Emanuel Smith, there's probable cause.

MR. WEISS: This a---.

THE COURT: Bail Commissioner, please.

MR. MARTIN: Yes, Your Honor. He's been a resident of Connecticut for twenty-eight years. He doesn't have any children, though he is---he does have an illness of being diabetic.

But he has a lengthy prior arrest record dating back to ninety-five. 4/17/98 in Norwalk---violation of probation, disposition was---his probation will be up September second. He posted a bond of two thousand dollars.

Also, 3/21/95, he had a burglary---burglary second, ten years suspended after four years, five years probation.

4/17/98, violation of probation, also the two thousand dollar---he bonded himself out, two thousand dollars.

12/07/93, sale of narcotics, one thousand dollar fine, five years jail, execution suspended, five years probation.

Also, Your Honor, 3/22/95, he had a sexual assault, five years jail, four years to serve, five years probation.

In light of that, Your Honor, my recommendation is a hundred thousand dollars.

THE COURT: State, please.

| | |
|---|---|
| 1 | MR. WEISS: The State would concur, Your Honor. |
| 2 | THE COURT: Thank you. |
| 3 | MR. EHRING: Mr. Smith's matter, Your Honor. He's |
| 4 | filled out an application for our services. He appears to be |
| 5 | eligible. |
| 6 | THE COURT: Okay, Public Defender may be appointed. |
| 7 | MR. EHRING: Mr. Smith's matter, Your Honor, he's |
| 8 | filled out an application for our services, he appears to be |
| 9 | eligible. Recommend appointment, my appearance please. |
| 10 | THE COURT: That's fine. |
| 11 | MR. EHRING: Waive reading, enter a pro forma plea of |
| 12 | not guilty, jury election. |
| 13 | Mr. Smith's matter, Your Honor. Apparently he's lived |
| 14 | in the State of Connecticut for the past twenty-eight years. |
| 15 | Lived at the same address, apparently for going on eight |
| 16 | months. He has family members who are here today. Family |
| 17 | members apparently contacted me earlier down in my office. |
| 18 | While he does have a prior record, Judge, it doesn't look |
| 19 | as though he has any prior failures to appear, from the Bail |
| 20 | Commissioner's interview sheet. |
| 21 | Apparently he has a case pending in Norwalk. Certainly |
| 22 | Mr. Smith is unemployed, will not be able to post any bond on |
| 23 | his own. If we could have---a ten thousand dollar bond, |
| 24 | please. |
| 25 | THE COURT: Okay, we'll fix bond at a hundred |
| 26 | thousand dollars. What date do you want him back? |
| 27 | MR. EHRING: October eighth. |

- 3 -

1  THE COURT: What date?
2  MR. EHRING: October eighth.
3  THE COURT: October eighth?
4  MR. EHRING: Yeah, I'll be gone on September
5  eighteenth for two weeks.
6  MR. SMITH: Your Honor, Your Honor, they haven't
7  given me my insulin yet.
8  THE COURT: October eighth is fine.
9  MR. EHRING: If we could have---the mittimus might
10  reflect medical attention, October eighth.
11  THE COURT: Okay, October eighth is fine.
12  MR. WEISS: Thank you.
13  \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| CR-98 124871   S | : | SUPERIOR COURT |
| STATE OF CONNECTICUT | : | STAMFORD/NORWALK J.D. |
| VS | : | AT STAMFORD |
| EMANUEL SMITH | : | AUGUST 27, 1998 |

CERTIFICATION

I, Jennifer L. Conti, Court Recording Monitor for the Superior Court, Fairfield County, State of Connecticut, do hereby certify that the foregoing is a true and accurate transcription of the tape recorded proceedings had in the above-entitled case.

*Jennifer L. Conti*
JENNIFER L. CONTI
COURT MONITOR