```
CR940066397S, CR930100155S        :    SUPERIOR COURT
CR980124871S
                                  :    STAMFORD/NORWALK
STATE OF CONNECTICUT
                                  :    AT NORWALK
vs.
                                  :    APRIL 1, 1999
EMANUEL B. SMITH
```

B E F O R E :
    The Honorable Eddie Rodriguez, Jr., Judge

A P P E A R A N C E S :

    For the State of Connecticut
        Attorney Matthew Couloute

    For the Defendant
        Attorney David Marantz

                                  Court Reporter
                                  Patricia A. Pernacchio

                                  Court Clerk
                                  Cindy Dillon

1

```
 1              (On the record at 10:30 a.m.)
 2              THE SHERIFF:  All rise, please.  Oyez,
 3    Oyez, Oyez, the Honorable Superior Court is now
 4    open in session and in its place.  All persons
 5    having cause or action pending are duly summoned
 6    and bound to appear and give their attendance
 7    according to the law.  The Honorable Judge Eddie
 8    Rodriguez, Jr. presiding.  You may be seated.
 9              THE COURT:  Good morning, ladies and
10    gentlemen and staff.
11              MR. COULOUTE:  This is the matter of
12    Emanuel Smith, Docket CR98124871S.  We have
13    commenced jury selection and finished yesterday.
14    We're here for counsel's motion.
15              THE COURT:  Who's handling that robbery
16    case, that's the oldest case on our docket, the
17    1993 Robinson, State versus Robinson?
18              MR. COULOUTE:  That is me, Wayne Robinson.
19              THE COURT:  I spoke with Judge Tobin about
20    that, Mr. Couloute, and we're going to set that
21    down for the thirteenth, and the reason I'm
22    mentioning this to you is because you're the
23    prosecutor, and you'll be trying Smith from the
24    sixth until we conclude, and then you'll be
25    picking a jury on the thirteenth, in all
26    likelihood in Stamford before Judge Tobin so that
27    you're aware of that.
```

Handwritten annotation next to line 11-12: "Gen Stat sec 54.96"

1    MR. COULOUTE: If I may, Your Honor. Is it
2    possible to put it down for next week with one
3    hours notice, I'm anticipating this trial ending a
4    little early. I'd rather do that. I do have a
5    vacation planned the last week of April.
6    THE COURT: I'm sure you can work all that
7    out with Judge Tobin. The only reason I mentioned
8    it to you, my concern is since I'm recusing myself
9    from participating in that trial because of
10    Mr. Robinson's defense lawyer. Judge Tobin would
11    be the only one to try it, and you can work out in
12    fact with him whether or not he chooses to come to
13    Norwalk to try it. I'd go down to Stamford and
14    take over his work during that trial only.
15    MR. COULOUTE: Yes, sir.
16    THE COURT: You can work all that out with
17    him I'm sure. As far as vacation and witnessing
18    and scheduling of the trial's evidence, I believe
19    he'll want to start picking a jury on that day.
20    THE COURT: On the <u>State versus Smith</u>,
21    Mr. Marantz, <u>when we adjourned after picking the</u>
22    <u>jury</u>, it's my recollection there was a series of
23    motions to go on the record about which ones you
24    would prosecute, which ones either might be
25    withdrawn or become moot. Does not require any
26    action on the part of the court because you and
27    Mr. Couloute would discuss things such as

| | |
|---|---|
| 1 | disclosure and other items, the subject matters of |
| 2 | some of your motions.  Which motions are you |
| 3 | requesting that the court hear today? |
| 4 | MR. MARANTZ:  Your Honor, it would be the |
| 5 | first three motions in the bundle of motions I |
| 6 | handed to the clerk.  That's our Motion to |
| 7 | Dismiss, our Motion to Suppress and Motion for |
| 8 | Disclosure of Confidential informant. |
| 9 | Mr. Couloute, and I have already sat down and I |
| 10 | had a chance to review the photographs and lab |
| 11 | report that Mr. Couloute will intend to offer at |
| 12 | least some or all as evidence.  Mr. Couloute has |
| 13 | also had a chance to look at a one page medical |
| 14 | report from Stamford Hospital that we may offer |
| 15 | into evidence.  I know Your Honor had indicated |
| 16 | you would grant our Sequestration Motion that |
| 17 | would cover at least our Motion for |
| 18 | Discretionary --  and our Request for Disclosure. |
| 19 | And our request for witness information was |
| 20 | provided on Mr. Couloute's opening statement to |
| 21 | the jury wherein he read off his witnesses.  I'm |
| 22 | familiar with those witnesses, Your Honor. |
| 23 | Our Motion to Preserve Evidence was also in |
| 24 | connection with our Disclosure Motion and |
| 25 | Mr. Couloute indicated to me that everything that |
| 26 | he had in his file was everything that I have |
| 27 | either seen or have copies of. |

| | |
|---|---|
| 1 | We made a Motion to Sever Offenses, |
| 2 | Your Honor.  At this point we wouldn't be |
| 3 | prepared to proceed on that.  There is a Motion In |
| 4 | Limine regarding statements, which is not |
| 5 | applicable. |
| 6 | There is a Motion In Limini regarding prior |
| 7 | convictions.  We wouldn't be prepared to proceed |
| 8 | at this point because Mr. Smith may choose not to |
| 9 | testify we may not have this issue come up.  The |
| 10 | remaining three are the ones we're prepared to |
| 11 | proceed on today. |
| 12 | THE COURT:  All right.  Now, Mr. Smith, I |
| 13 | notice that you're handcuffed and the reason |
| 14 | you're handcuffed is that you're not in the |
| 15 | presence of the ladies and gentlemen of the jury, |
| 16 | however, let me ask you something, Mr. Marantz, do |
| 17 | you need your client to be uncuffed so he can sit |
| 18 | with you during your argument of your motion, so |
| 19 | he can write for example? |
| 20 | MR. MARANTZ:  It may be that Mr. Smith wants |
| 21 | to make certain notes.  If the court please, I |
| 22 | would ask that he be released from the cuffs. |
| 23 | THE COURT:  All right.  Sheriff, he may be |
| 24 | uncuffed so he can assist counsel. |
| 25 | THE CLERK:  I have the Motion to Suppress and |
| 26 | I have the Motion to Dismiss.  I don't have the |
| 27 | other motion you said. |

```
1           THE COURT:  Motion for Disclosure of
2   Confidential Informant.
3           THE CLERK:  I don't think that's here in this
4   pile.
5           THE COURT:  I should put on the record for
6   the benefit of counsel, since you raise that,
7   Madam Clerk, that last night I took all of these
8   motions home to review them and regrettably I did
9   not bring them back with me.  I intend to return
10  the original motion when we open court on Monday,
11  Counsel, but that doesn't effect your right to be
12  heard and your right to get a ruling today.
13          MR. MARANTZ:  I can represent, Your Honor,
14  that the copies that I presented to the clerk
15  today for Your Honor's use are exact copies of the
16  motions that I filed in this matter.
17          THE COURT:  All right.  Mr. Couloute,
18  you're ready?
19          MR. COULOUTE:  Yes, Your Honor.
20          THE COURT:  Mr. Marantz, I'll hear you.
21          MR. MARANTZ:  If I may have one
22  moment?  Mr. Smith expressed something very
23  important to me.  I want to make sure there is not
24  a problem.
25          THE COURT:  Sure.  Mr. Marantz?
26          MR. MARANTZ:  Your Honor, just one quick
27  request.  Apparently, Mr. Smith has indicated to
```

1  me he is a diabetic and not been able to eat
2  anything today.  If the court would give me a five
3  minute recess, I'll run downstairs to the candy
4  machine, get him a chocolate bar or something and
5  we can proceed.  He indicates his head is pounding
6  and it's because of his diabetic condition.
7      THE COURT:    Why wasn't he able to eat
8  anything today?
9      THE DEFENDANT:    We just got off the ice
10 cream truck is what it's called.
11     MR. MARANTZ:    The transport truck.
12     THE DEFENDANT:    Transport truck.  I haven't
13 been able to get anything to eat.  I was brought
14 immediately upstairs.
15     THE COURT:    You weren't given anything to
16 eat before you left the prison this morning?
17 Stand up, sir. You were not given anything to eat
18 at the prison before you left this morning?
19     THE DEFENDANT:    We had food early this
20 morning around five o'clock, five-thirty this
21 morning.  That's the only food to which was given
22 to me.
23     THE COURT:    All right.  You want to go get
24 him a candy bar?
25     MR. MARANTZ:    I'll do that.  I wouldn't want
26 Mr. Smith to be --  I can do this immediately.
27 I'll run straight downstairs.

1  actually the state's privilege to keep that
2  informant's confidence and the state doesn't
3  believe any information that will come out during
4  the trial or in these facts will breach that
5  privilege.
6  I have been brief. I think I have spoken to
7  the issues. I don't believe any of these motions
8  should be granted. I ask they be denied at this
9  time.
10  THE COURT: Mr. Marantz, any rebuttal, sir?
11  MR. MARANTZ: One moment, please, Your
12  Honor. I think Your Honor heard my arguments and
13  I don't want to be repetitive. I think I
14  addressed the issues Mr. Couloute has just
15  addressed, and I'm not going to go back into the
16  same arguments, Your Honor.
17  THE COURT: The court will deny the Motion
18  to Dismiss for lack of probable cause taking into
19  account that I'm a reviewing court, and I'm
20  obligated to follow something that neither of you
21  mentioned in your presentation (that is to give
22  deference to as a reviewing court to the judge
23  that initially found probable cause on )
24  August 27, 1998, where the defendant was first
25  presented and finding of probable cause was made
26  by a judge of the Superior Court. In addition to
27  giving deference to that judge's ruling on the

1   issue of probable cause based on what I have heard
2   from counsel on the authorities that have been
3   cited by counsel, and also the review that I made
4   prior to hearing counsel of the factual basis as
5   contained in the document that I identified
6   earlier for the record, it would seem to this
7   court that there was certainly sufficient
8   corroborated information for the police to arrest
9   the defendant, so that that portion is denied.
10      Now, there is another portion in your Motion
11  to Dismiss which refers to the lack of sufficient
12  evidence or cause to justify the bringing or
13  continuing of the information. Mr. Marantz, I am
14  not ruling on that, and I assume that you will
15  revisit that claim when the state has concluded
16  presentation of the evidence. So that the Motion
17  to Dismiss is denied in part and the court defers
18  ruling on it in part until that happens.
19      I'm also going to defer ruling on the Motion
20  to Suppress right now, and I am going to reserve
21  ruling on that until I hear a little bit more from
22  the officers when they're called in by the state
23  in the case in chief.
24      The Motion to Disclose the Identity of the
25  Confidential Informant is denied. I agree that
26  the state is accurate in its assessment of the
27  requirement to disclose the confidential informant

1  by case law and also by the constitutional right
2  of Mr. Smith to confront his accusers. I don't
3  believe that the court is obligated to disclose
4  that information or order a disclosure by the
5  state obligating the state to disclose the
6  information because the informant did not witness
7  or participate in the defense the state claims was
8  committed by Mr. Smith.
9      MR. MARANTZ: If we could at this point
10 enter our exception to the court ruling on the
11 Motion to Dismiss as well as the Motion to
12 Disclose the Confidential Informant's I.D.
13     THE COURT: Is there anything else that has
14 to be presented before we start evidence on
15 Tuesday, April 6 by either you, Mr. Couloute or
16 you, Mr. Marantz?
17     MR. COULOUTE: No, sir.
18     MR. MARANTZ: No, Your Honor.
19     THE COURT: And have you gentlemen had an
20 opportunity to discuss and review proposed
21 exhibits?
22     MR. COULOUTE: I did show counsel some
23 pictures I intend on using. At this time I have
24 not actually selected the exact ones I'll be
25 using. I suggest that we sit down after we're
26 done here and go through some of them.
27     THE COURT: All right. Mr. Marantz?

1      MR. MARANTZ: That's fine, Your Honor. We
2 did only share one exhibit at this point, which
3 was a Hospital Report. I see that there were
4 more pages to it than I showed Mr. Couloute.
5 Yesterday we agreed that the copy would be not
6 objected to as far as submitted as evidence.
7      THE COURT: All right. Thank you both.
8 Court stands in recess. Sheriff?
9      THE SHERIFF: All rise, please. Court
10 stands in recess.
11     THE CLERK: Tuesday's date is the sixth.
12 April 6.
13     (Whereupon, the above case recessed to
14 reconvene on Tuesday, April 6 at 10:00 a.m.)
15
16
17
18
19
20
21
22
23
24
25
26
27

```
CR940066397S, CR930100155S        :    SUPERIOR COURT
CR980124871S

STATE OF CONNECTICUT              :    STAMFORD/NORWALK

vs.                               :    AT NORWALK

EMANUEL B. SMITH                  :    APRIL 1, 1999
```

    I, Patricia A. Pernacchio, Court Reporter for the Superior Court, County of Fairfield do hereby certify that the foregoing is a true and accurate transcription of my steno notes taken in the above described case.

*Patricia A. Pernacchio*
Patricia A. Pernacchio
Court Reporter