minutes a black man approached the driver's side of the car. T43-44, 50. Everything the informant said matched this man. T46-47. Note this was a general description. He opened the driver's side door with a key and leaned down from the waist, with his knees slightly bent, into the front of the car, and appeared to be looking and reaching in the vicinity of the front floor mat. T43-44, 50, 55. Police did not observe any bags or drugs; nor did they observe the man reaching under the seat. T55, 61. Eisenstein speculated that the man might have been putting drugs in the car, checking to see if drugs were still there, or rearranging their location. T56. After a few seconds the man rose, closed the door and locked the car. T44.

At that moment the three policemen moved in. T44, 61. One officer drove into the parking lot and exited his car; the others approached on foot. Eisenstein's said his police badge was displayed; as the police approached, the man immediately ran. T44, 61, 62. The man ran because of immediate threat of serious bodily injury or death and well-grounded belief that threat would be carried out; and no reasonable opportunity to escape or otherwise to frustrate threat. Although in fact they had arrested this man in the past, at the point when they approached him and began to pursue him they did not yet recognize him. T47, 61.

One officer pursued the man on foot and the others pursued him in a surveillance vehicle. T44. The man ran toward a bridge and was cut off by the police vehicle. T44. Eisenstein did not recognize the man he was chasing as Emmanuel Smith until that point, which was the first "real good look" he had. T47. Eisenstein knew him from one previous narcotics arrest. T47.

(2) If you did **not** raise this issue in your direct appeal, briefly explain why: ______

______

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ✓ No ______

(2) If your answer to Question (d)(1) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available: Habeas corpus, Superior court - 1061 main street - P.O. Box 190, Bridgeport, connecticut 06601 - G.A. 2, CV-03-0403151-S(ZBL). Note I don't want to wait till this court comes to a conclusen because all these state courts do is cover the wrong acks done to defendants, nor do I trust them to do the right thing.

(3) Did you receive a hearing on your motion or petition?
Yes ______ No ✓ Also know it's been over 8 months and I still have not had a hearing on my issues and this is a habeas corpus.

(4) Did you appeal from the denial of your motion or petition?
Yes ______ No ______

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes ______ No ______

(6) If your answer to Question (d)(5) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available: ______

______

______

______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," briefly explain why you did not raise this issue: nothing has been done yet by the court no nothing!!!

(e) Other Remedies: Describe any other procedures, such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: attached are brief's

**Ground Two**: The trial court's finding of fact were not clearly erroneous. The trial court's legal conclusions were legally and logically correct in light of the findings of fact.

(a) Supporting Facts (Do not argue or cite law. Just briefly state the facts that support your claim):

Attached are police report, Emergency Department report, transcripts from 4-6-99 Officer Larry Eissenstein testimony, supreme court briefs, Memorandum of decision - RE: defendant's motion to dismiss by judge Rodriguez, J., and the state's supreme court brief. In previous packet the supreme court of connecticut judgment is attached. Also pages as to what happen on 8-26-98.

(b) If you did not exhaust your state court remedies on Ground Two, briefly explain why: ______

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ______ No ______

(5)

The man turned right and ran into a construction yard, where all three officers pursued him on foot. They caught him within a fenced area right near the Rippowon River, T44-45. One of the other officers recognized him when they caught up with him there. T47. During the chase nothing was said by police or defendant, nor did the defendant say anything when the police attempted to take him into custody. T63 according to officer Eisenstein testimony. He sruggled briefly but was wrestled to a prone position on the ground and handcuffed. T45.[1] The man was searched and the car keys were seized from him, as well as a pager and $93. T64. No drugs or weapons were found on his person.

At the point where the three police subdued, arrested, handcuffed and searched Emmanuel Smith, Emmanuel Smith was approximetely a hundred feet from the car the police wished to search, and he was separated from it by a fence. T44-45. This fenced area of the construction yard was also bounded by the Rippawon River. T44-45. Officer Eisenstein testified "we all walked back to the vehicle and ... [another officer] ... remained with the prisoner and called for a uniformed car to come secure the prisoner." T45.

When they got to the car, Eisenstein opened the driver's door, leaned across and opened the passenger door to allow another officer to enter from that side. T45. Eisenstein leaned down in the area where he had seen the defendant lean and lifted the floor mat. T45-46. Under the mat was a cellophane wrapper from a cigarette pack and inside that were eleven small yellow plastic bags, which the officer believed resembled crack cocaine. T46.

[1] Prior to being booked he was brought to the hospital for a what

(6)

Police also seized from within the car a receipt with Emmanuel Smith name, and a bank book in his name from the glove compartment. T46.

Emmanuel Smith never gave police permission to search the car, nor did they attempt to contact the owner, Dozier who was in police custody, state of connecticuts custody. T64, 68, 57, 59. A check of the registration at the time of surveillance, then police again by checking inside the vehicle and finding the registration confirmed Dozier's ownership. T57, 58, 59.

The informant had told police that another person, Marlene, had contact with the vehicle. T50. After the defendant had been arrested she came out of an apartment, and Eisenstein questioned her. T60. She said defendant had given her a ride by to visit friends. T54, 60. Although the informant told police that she was in possession of narcotics, she was searched and no narcotics were recovered. T50-51, 52.

The car was never impounded or taken to the police station; it was left where it was. T65-66. Officer Eisenstein testified that there was no need to impound car; that the police could instead "lock it, secure it, and leave it" where it was. T66-67. On the day of Eisenstein's testimony, more than seven months later, the car had been moved, but he did not by whom. T66. Note defendant was in state custody the 7 months 11 days, also in custody at the time of this hearing. There was no evidence regarding when, in the intervening seven months, it had been moved.

Trial court's factual findings: The court found that officer Eisenstein, a

Eisenstein described as a "small laceration" to his forehead, as well as a diabetic condition. T46.

(2) If you did **not** raise this issue in your direct appeal, briefly explain why: ______________________________

______________________________

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes _____ No _____

(2) If your answer to Question (d)(1) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available:

______________________________

______________________________

______________________________

______________________________

______________________________

(3) Did you receive a hearing on your motion or petition?
Yes _____ No _____

(4) Did you appeal from the denial of your motion or petition?
Yes _____ No _____

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes _____ No _____

(6) If your answer to Question (d)(5) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available: ______________________________

______________________________

______________________________

______________________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," briefly explain why you did not raise this issue: ______________________________

explain why you did not raise this issue: ______________________

______________________

______________________

(e) Other Remedies: Describe any other procedures, such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______________________

______________________

______________________

20) Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes _____ No _____

If your answer is "No," state which grounds have not been so presented and briefly give your reason(s) for not presenting them: ______________________

______________________

______________________

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and briefly state your reasons for not presenting them: ______________________

______________________

______________________

**SUCCESSIVE APPLICATIONS**

This court is required to dismiss any claim presented in a second or successive petition that the federal court of appeals has authorized to be filed unless the applicant shows that each claim satisfies the requirements of 28 U.S.C. § 2244, as amended by Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 106, 110 Stat. 1214 (Apr. 24, 1996).

21) Have you previously filed any type of petition, application or motion in a federal court regarding the conviction you challenge in this petition? Yes _____ No ✓

If "Yes," state the name and location of the court, the case number, the type of proceeding, the issue raised, the date of the court's decision, and the result for each petition, application or motion filed. Attach a copy of any court opinions or orders, if available: ______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

22) If the answer to Question 21 is "Yes" and you are raising a claim that you did not presented in a prior federal petition, application or motion, have you obtained an order from the United States Court of Appeals for the Second Circuit authorizing this district court to consider this petition? Yes __ No __

If "Yes," please attach a copy of the order.

23) Do you have any petition or appeal **now pending** (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes _____ No _____

If "Yes," state the name and location of the court, the case number, the type of proceeding and the issues raised: ______________________________

______________________________

______________________________

______________________________

______________________________

## LEGAL REPRESENTATION

24) Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging: