_____

_____

(e) Other Remedies: Describe any other procedures, such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

**Ground Three**: The trial court correctly concluded that the warrantless search was not justified as a search for fruits or instrumentalities of a crime because there were neither probable cause nor exigent circumstances to excuse obtaining warrant.

(a) Supporting Facts (Do not argue or cite law. Just briefly state the facts that support your claim): _____

Attached are police report, Emergency Department report, transcripts from 4-6-99 of officer Larry Eissenstein testimony, defendant's supreme court brief, memorandum of decision - RE: defendant's motion to dismiss by Judge Rodriguez, J., and the State's supreme court brief. In previous packet the supreme court of Connecticut judgement was attached. Also pages as to what happen on 8-26-98.

_____

(b) If you did not exhaust your state court remedies on Ground Three, briefly explain why: _____

_____

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?   Yes _____   No _____

13

(2)  If you did **not** raise this issue in your direct appeal, briefly explain why: _____

_____

(d)  Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes _____   No _____

(2) If your answer to Question (d)(1) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available:

_____

_____

_____

_____

(3)  Did you receive a hearing on your motion or petition?
Yes _____   No _____

(4)  Did you appeal from the denial of your motion or petition?
Yes _____   No _____

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   Yes _____   No _____

(6)  If your answer to Question (d)(5) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available: _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," briefly explain why you did not raise this issue: _____

14

(e)    Other Remedies: Describe any other procedures, such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

**Ground Four:** The search of the car can not be justified as incident to a valid arrest. The arrest it self was not valid. The search of car was not incident to arrest.

(a)    Supporting Facts (Do not argue or cite law. Just briefly state the facts that support your claim): _____

Attached are police report, Emergency Department report, transcripts from 4-6-99 of officer Larry Eissenstein testimony, defendant's supreme court brief, memorandum of decision - RE: defendant's motion to dismiss by Judge Rodriguez, J., and the state's supreme court brief. In previous packet - the supreme court of Connecticut judgment was attached. Also pages as to what happen on 8-26-98.

(b)    If you did not exhaust your state court remedies on Ground Four, briefly explain why: _____

(c)    Direct Appeal of Ground Four:

    (1)    If you appealed from the judgment of conviction, did you raise this issue?    Yes _____    No _____

15

(a) At preliminary hearing _Howard Ehring, Esq., public defender, David J. Marantz, special public defender_

(b) At arraignment and plea _Howard Ehring, Esq., public defender_

(c) At trial _David J. Marantz, Esq., special public defender_

(d) At sentencing _David J. Marantz, Esq., special public defender_

(e) On appeal _Neal Cone, Esq., Assistant public defender, Lauren Weisfeld, Assistant public defender._

(f) In any post-conviction proceeding _David J. Marantz, Esq._

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

25) Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes _____ No ✓

26) Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes _____ No ✓

(a) If "Yes," give the name and location of the court that imposed the other sentence you will serve in the future:_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have your filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes _____ No _____

19

(2)   If you did **not** raise this issue in your direct appeal, briefly explain why: _____

_____

(d)   Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes _____   No _____

(2) If your answer to Question (d)(1) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available:

_____

_____

_____

_____

_____

(3)   Did you receive a hearing on your motion or petition?
Yes _____   No _____

(4)   Did you appeal from the denial of your motion or petition?
Yes _____   No _____

(5)   If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   Yes _____   No _____

(6)   If your answer to Question (d)(5) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available: _____

_____

_____

_____

(7)   If your answer to Question (d)(4) or Question (d)(5) is "No," briefly

16

## TIMELINESS OF PETITION

27) If the judgment of conviction you are challenging in this petition became final over one year ago, you must explain why the one-year statute of limitations as codified in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

_____

_____

_____

28) Are you presently serving a sentence imposed for a conviction other than the conviction being challenged in this motion?   Yes ___   No ✓

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as codified in 28 U.S.C. § 2244(d), provides in part that:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cased on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the court grant him such relief to which he may be entitled in this proceeding.

_E___/S_mith_____
**Petitioner's Original Signature**

_232549_____
**Petitioner's Inmate Number**

_____
Signature of Attorney (if any)

_____

_____

_____
Attorney's Full Address and Telephone Number

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the petitioner in this action, that he/she has read this petition and that the information contained in the petition is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _Bridgeport Correction Center_ on _1-12-04_.
              (Location)          (Date)

1106 North Ave
Bridgeport, CT 06604

_E___/S_mith_____
**Petitioner's Original Signature**

21

CERTIFICATION

I hereby certify that a copy of the foregoing pleading/document was mailed or delivered to administrator of the Bridgeport correctional center (respondent(s) or counsel for respondent(s)) at 1106 North Avenue, Bridgeport, Connecticut 06604 (address) on date 1-14-2004.

_____
Original Signature of petitioner