UNITED STATES DISTRICT COURT
District of Connecticut

FILED

2003 JUL 29 P 2:43

US DISTRICT COURT
BRIDGEPORT CT

Case 3:03 CV 676 (RNC)

Emmanuel Smith
petitioner

vs.

John Tarascio - Warden,
Theresa Lantz,
Rowland

...it for release and/or immediate hearing on this petition and order
...alter Ford - new warden of bridgeport to produce the body
honorable court.

jurisdiction pursuant to U.S.C. 2254 person in state custody;
... was involuntarily placed in Bridgeport correctional
date 12-10-02, by order of stamford court G.A.1,
airfield county;

...s being held involuntarily by walter ford - new warden
correctional center, of connecticut.

...ore, petitioner prays that this court:

...er authorizing petitioner's release from involuntary place—
Bridgeport correctional facility, or ;

...t of habeas corpus commanding walter ford - new warden
...eport correctional facility to produce the body of your
...fore this honorable court for a hearing on this petition
habeas corpus; and

believes that he is being deprived of his freedom for
legal reason.

...elieves that his confinement is illegal because of the
...ons:

...ue definitely put here for this honorable court—

February 10, 2004. Smith v. Tarascio, 3:03cv00676 (RNC)

Re: Request for Release and/or Immediate Hearing [Doc. #4]

Denied. Inasmuch as petitioner has not yet filed a procedurally acceptable
petition, the relief requested would be premature.

So ordered.

Robert N. Chatigny, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EMMANUEL SMITH,                      :

    Petitioner,                 :

                                 :

V.                                   :    CASE NO. 3:03CV00676 (RNC)

                                 :    PRISONER

JOHN TARASCIO, et al.,               :

    Defendant.                   :

### THIRD NOTICE TO PETITIONER

Petitioner is directed to file a second amended petition correcting the following errors in the amended petition: (1) The answer to Question 13(f) describes the issues raised in the prosecution's appeal of the trial judge's suppression of evidence. Instead, it should describe the grounds on which petitioner is currently appealing his conviction. Questions 11 to 16 refer to petitioner's appeal from the judgment of conviction. (2) Petitioner lists four grounds for habeas relief, all of which refer to petitioner's sole exhausted ground for relief, which is his Fourth Amendment claim regarding an unlawful search and seizure. Petitioner should submit this claim as only one ground for relief.

So ordered.

Dated at Hartford, Connecticut this 10 day of February 2004.

_____
Robert N. Chatigny
United States District Judge

## RECORD

▬▬▬

## TABLE OF CONTENTS

| No. | Item | Page |
|---|---|---|
| 1. | Original Information and Criminal Docket Entries | 1 |
| 2. | Motion to Suppress | 4 |
| 3. | Motion to Dismiss | 7 |
| 4. | Memorandum of Decision and Transcript | 10 |
| 5. | Judgment File | 24 |
| 6. | Appeal | 25 |
| 7. | State of Connecticut-Appellant's Docketing Statement | 26 |
| 8. | State of Connecticut-Appellant's Statement of Issues | 28 |
| 9. | Defendant-Appellee's Preliminary Statement of Issues | 29 |

SUP. CT. JDCR 70, DP REV. 6/90

STATE OF CONNECTICUT
SUPERIOR COURT

DOB: 11/09/1969

ORIGINAL INFORMATION:   YES   COURT DATE:   AT:   GA01 - STAMFORD
08/27/1998

DISPOSITION DATE:

DOCKET NO.:   CR98-0124871-S

The undersigned, Deputy Assistant State's Attorney of the Superior Court of the State of
Connecticut, in said Geographical Area, on his oath of office
complains, deposes, and alleges that he has reason to believe and does believe that

④

4/7/99

SMITH EMMANUEL B JR
87 MYANO LN, STAMFORD, CT 00000

**Did commit the crimes recited below:**

Count: 001   POSSESSION OF NARCOTICS   Type/Class: F/U   At: STAMFORD
On or About: 08/26/1998   In Violation Of CGS/PA No: 21a-279(a)

Count: 002   SALE OF CERTAIN ILLEGAL DRUGS   Type/Class: F/U   At: STAMFORD
On or About: 08/26/1998   In Violation Of CGS/PA No: 21a-278(a)

Count: 003   CNT SUB WI 1500' SCH/HSG/DY CR   Type/Class: F/U   At: STAMFORD
On or About: 08/26/1998   In Violation Of CGS/PA No: 21a-278a(b)

X SEE OTHER SHEETS
FOR ADDITIONAL COUNTS

DATE   SIGNED (DEPUTY ASST. STATES ATTORNEY)

**COURT ACTION**

DEFENDANT ADVISED OF RIGHTS BEFORE PLEA
(JUDGE) Tobin (J)   8-27-98 (DATE)   BOND $100,000   SURETY   ELECTION
□ CASH   □ COURT   □ JUR

☑ ATTY.  □ PUB. DEFENDER   GUARDIAN   REDUCTION   B.O.   APPEAL   ELECTION WITHDRAWN DATE
Morantz 2.19.99   □ SEIZE
□ PROP

| COURT NO. | PLEA DATE | PLEA | PLEA WITHDRAWN DATE | NEW PLEA | VERDICT PENDING | FINE | JAIL | ADDITIONAL DISPOSITION |
|---|---|---|---|---|---|---|---|---|
| 001 | 8-27-98 | NG | | | | | Dismissed | |
| 002 | 8-27-98 | NG | | | | | Dismissed | insufficient evidence |
| 003 | 8-27-98 | NG | | | | | Dismissed | |

| DATE | OTHER COURT ACTION | JUDGE | CONTINUANCES |
|---|---|---|---|
| 8-27-98 | PC found | Tobin (J) | DATE | PURPOSE | REA |
| 8-27-98 | PD appt PUBLIC DEFENDER APPOINTED | Tobin (J) | 1. 10-8-98 (X) |
| | Medical attn. | | 2. $100,000 |
| | | | 3. 3.2.99 |
| | | | 4. 3.31.99 |
| 11.5.98 | Motion Bond Red = Denied | Bingham | 5. 4-1-99 |
| 1-26-99 | Motion Bond Reduction to $25,000 denied without prejudice | Comerford | 6. 4-6-99 |
| | | | 7. 4-7-99 |
| 2-19-99 | File Ordered Transfered To G.A.20 at Norwalk for Consolidation with Pending GA 20 Matter(s) | | 8. |
| | | | 9. |
| | | | 10. |

FINE PAID   RECEIPT NO.   MITTIMUS DATE   TRIAL TOWN Norwalk   ☒ SEE REVERSE

PROSECUTOR ON ORIGINAL DISPOSITION   REPORTER ON ORIGINAL DISPOSITION   SIGNED CLERK   SIGNED JUDGE
M. Pasanahi   Pees   X

Case 3:03-cv-00676-WWE   Document 12   Filed 07/27/2006   Page 5 of 34

SUP. CT. JDCR 70; DP REV. 8/90

**STATE OF CONNECTICUT**
SUPERIOR COURT

DOB: 11/09/1969

ORIGINAL INFORMATION:   YES   COURT DATE:   AT:
08/27/1998   GA01 — STAMFORD

DISPOSITION DATE.

DOCKET NO.:   CR98-0124871-5

The undersigned, Deputy Assistant State's Attorney of the Superior Court of the State of Connecticut, in said Geographical Area, on his oath of office complains, deposes, and alleges that he has reason to believe and does believe that

4/7/99

    SMITH EMMANUEL B JR
      87 MYANO LN, STAMFORD, CT 00000

---

**Did commit the crimes recited below:**

Count: 004   INTERFERE WITH OFFCR/RESISTING   Type/Class: M/A   At: STAMFORD
  On or About: 08/26/1998   In Violation Of CGS/PA No: 53a-167a

---

| SEE OTHER SHEETS FOR ADDITIONAL COUNTS | DATE | SIGNED (DEPUTY ASST. STATES ATTORNEY) |
|---|---|---|

**COURT ACTION**

| DEFENDANT ADVISED OF RIGHTS BEFORE PLEA | BOND | SURETY | ELECTION |
|---|---|---|---|
| (JUDGE) (DATE) | | | ☐ CASH   ☐ COURT   ☐ JURY |
| ☐ ATTY.  ☐ PUB. DEFENDER   GUARDIAN | REDUCTION | B.O. | APPEAL | ELECTION WITHDRAWN DATE |
| | | | | ☐ SEIZED ☐ PROP |

| COURT NO. | PLEA DATE | PLEA | PLEA WITHDRAWN DATE | NEW PLEA | VERDICT PENDING | FINE | DAYS JAIL | ADDITIONAL DISPOSITION |
|---|---|---|---|---|---|---|---|---|
| 004 | | | | | | | | Nolled 4-6-99  Dismissed |
| | | | | | | | | |
| | | | | | | | | |

| DATE | OTHER COURT ACTION | JUDGE | CONTINUANCES |
|---|---|---|---|
| | | | DATE | PURPOSE | REA |
| 2-19-99 | Motion for Bond Reduction Renewed. | | 1. |
| | Motion To Reduce Bond Denied | | 2. |
| | Mitts Should Reflect That △ Requires | | 3. |
| | Medical Treatment. | | 4. |
| | | | 5. |
| | | | 6. |
| | | | 7. |
| | | | 8. |
| | | | 9. |
| | | | 10. |

| FINE PAID | RECEIPT NO. | MITTIMUS DATE | TRIAL TOWN  Norwalk | ☐ SEE REVERSE |
|---|---|---|---|---|

| PROSECUTOR ON ORIGINAL DISPOSITION | REPORTER ON ORIGINAL DISPOSITION | SIGNED CLERK | SIGNED JUDGE |
|---|---|---|---|

| DATE | OTHER COURT ACTION | |
|---|---|---|
| 4-1-99 | ✱ motion to Dismiss — denied lack of PC | Rodriguez, J. |
| | motion to Suppress — reserve ruling | |
| | motion to disclose identity of informer denied | Rodriguez, J. |
| | ③ | |
| 4-1-99 | ✱ motion to dismiss denied inpart motion deferred | Rodriguez, J. |
| 4-6-99 | ✱ motion to suppress any contraband siezed from a certain Vehicle | Rodriguez, J |
| | State — there was a warrantless arrest | |
| | State — was there Proable Cause for the arrest. | |
| 4-6-99 | Motion to Suppress — Granted Contra band + any personal effects are supressed | Rodriguez, J. |
| | Based on the Knowledge of Confedential Informat, Property seezed w/out a warrant, M.V. Items seizel with out warrant. | |
| | Case continued to 4-7-99 | ●-✱ |
| 4-7-99 | Mtn to Dismiss Granted All Counts Dismissed | Rodriguez |



D.N. CR980124871S

STATE OF CONNECTICUT

VS.

EMANUEL SMITH

SUPERIOR COURT

J.D. OF STAMFORD/NORWALK

G.A 20 AT NORWALK

March 9, 1999

<u>MOTION TO SUPPRESS</u>

Pursuant to Section 41-12 et seq. of the Connecticut Practice Book, the Defendant hereby moves to suppress the results and evidence of the search and seizure by the State or its agent of any articles or materials allegedly taken from or belonging to the Defendant.

Said search and seizure were in violation of the Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, and Article One, Sections Seven, Eight and Nine of the Constitution of the State of Connecticut, and Connecticut General Statute, Section 54-33f.

The Defendant further moves to suppress any and all statements of the Defendant to any agents of the State, including but not limited to police officers, for the reasons that the obtaining of said statements was in violation of the Defendant's right under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States and Article One, Sections Seven, Eight and Nine of the Constitution of the State of Connecticut.



The Defendant further moves to suppress and exclude any identification testimony concerning the Defendant because his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article One, Sections Seven, Eight and Nine of the Connecticut Constitution have been violated in that:

    (a)   Said testimony is based on or influenced by a pre-trial identification which was unreliable, suggestive and unnecessary;

    (b)   Said pre-trial identification was the result of an illegal arrest and illegal seizure of the Defendant;

    (c)   Said pre-trial identification was illegally conducted without presence of counsel; and

    (d)   Any alleged waiver of rights by the Defendant was not made voluntarily, knowingly or intelligently.

No previous similar motion has been filed.

THE DEFENDANT

BY _____

DAVID J. MARANTZ
1234 Summer Street
Stamford, CT 06905
(203) 358-8191
Juris No. 309904



<u>ORDER</u>

The foregoing motion having been heard, it is hereby ordered

GRANTED/~~DENIED~~.

BY THE COURT

JUDGE/~~ASST. CLERK~~    4/6/99

This is to certify that a copy of the
foregoing has been delivered or mailed
to The Office of the State's Attorney
on the date hereof.

DAVID J. MARANTZ



3·23·99 D

D.N. CR980124871S -T            :    SUPERIOR COURT

STATE OF CONNECTICUT           :    J.D. OF STAMFORD/NORWALK

VS.                            :    G.A 20 AT NORWALK

EMANUEL SMITH                  :    March 9, 1999

<u>MOTION TO DISMISS</u>

Pursuant to Section 41-8 et seq. of the Connecticut Practice Book and Connecticut General Statute Section 54-56, the Defendant hereby moves that the Court dismiss all charges against the Defendant for one or more of the following reasons, each of which constitute a violation of the Defendant's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, Article One, Sections Seven, Eight and Nine of the Constitution of the State of Connecticut, and Connecticut General Statute Section 54-1f:

The lack of probable cause for any arrest or the issuance of any arrest warrant;

The lack of probable cause for any search and seizure of any materials and/or the Defendant;

The want of jurisdiction over the Defendant or the subject matter;

The lack of sufficient evidence or cause to justify the bringing or continuing of the information or indictment or the placing of the Defendant on trial.

1999 MAR 11 P 12:10

NORWALK

SUPERIOR COURT GA#20



The Defendant further moves that the Court dismiss all charges against the Defendant as, the statutes for which the Defendant is charged are unconstitutional in violation of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article One, Sections Eight, Nine and Twenty of the Connecticut Constitution.

Finally, the Defendant respectfully requests that the Court order that all federal, state, county and municipal agencies having any materials connected with the above entitled action be ordered to return said materials to the Defendant's attorney or the Defendant and all references to the Defendant's arrest be permanently erased from all federal state, county and/or municipal records.

No previous similar motion has been filed with this Court. The Defendant reserves the right to file any future Motion to Dismiss.

THE DEFENDANT

BY _____
DAVID J. MARANTZ
1234 Summer Street
Stamford, CT 06905
(203) 358-8191
Juris No. 309904



## ORDER

The foregoing motion having been heard, it is hereby ordered

GRANTED/DENIED; ~~in part   4 / 99~~

4-7-99

It is further ordered that:

(1) All federal, state, county, and municipal agencies having any materials connected with the above entitled action be ordered to return said materials to the Defendant's attorney or the Defendant; and

(2) All references to the Defendant's arrest be permanently erased from all federal, state, county and/or municipal records.

4-7-99      granted      BY THE COURT

X _____
JUDGE/ASST. ~~CLERK~~

This is to certify that a copy of the foregoing has been delivered or mailed to The Office of the State's Attorney on the date hereof.

_____
DAVID J. MARANTZ

CR98012871
AC19503



(SUPERIOR COURT

STATE OF CONNECTICUT

(STAMFORD/NORWALK JUDICIAL
(DISTRICT AT STAMFORD

VS

EMANUEL B. SMITH

MAY 24, 1999

## MEMORANDUM OF DECISION
## RE: DEFENDANT'S MOTION TO DISMISS

The following memorandum of decision is filed with the Appellate in compliance with Practice Book §68-1 and in response to a notice filed by the State of Connecticut-Appellant, pursuant to Practice Book §64-1.

The court incorporates by reference the transcript of its oral decision rendered on April 6, 1999 starting with page 73 at line 23 of the transcript of said decision through page 83 in its entirety.

Additionally, on page 76 at line 22, the word seeing should read seizing. Additionally, and by clarification, the court adds the language "by the defendant with keys in his possession, thereby creating an expectation of privacy to the word locked at page 77 line 1 of said transcript. Finally, at page 79, line 26, the word business should read the word buys.

Signed at Norwalk, this 26 Day of May, 1999.

RODRIGUEZ, J.

NOTICE SENT: 6/2/99
EILEEN MCCARTHY GEEL, A.S.A.
MARK RADEMACHER, A.P.D.
CLERK, SUPERIOR COURT, S/N @ G.A.20
CR98 0124871T
Pac

98-529

RECORD COPY

```
CR940066397S, CR930100155S    :    SUPERIOR COURT
CR980124871S
STATE OF CONNECTICUT          :    STAMFORD/NORWALK

vs.                           :    AT NORWALK

EMANUEL B. SMITH              :    APRIL 6, 1999
```

B E F O R E:
   The Honorable Eddie Rodriguez, Jr., Judge

A P P E A R A N C E S:
      For the State of Connecticut
         Attorney Matthew Couloute

      For the Defendant
         Attorney David Marantz


                              Court Clerk
                              Madeline Opper

                              Court Reporter
                              Patricia A. Pernacchio


NOTICE SENT:  6/2/99
EILEEN MCCARTHY GEEL, A.S.A.
MARK RADEMACHER, A.P.D.
CLERK, SUPERIOR COURT, S/N @ G.A.20
CR98 0124871T
PAC

er

96-5291

RECORD COPY



1    mere Possession of Narcotics case.  So I think the

2    real issue here, Your Honor, is whether the police

3    received additional information, which was not

4    indicated in the police report regarding whether

5    the CI saw that the defendant had drugs on him

6    with either intent to possess or intent to sell,

7    and I don't see that here, Your Honor, and I think

8    that this evidence must be suppressed.

9         THE COURT:   Anything else, Mr. Marantz?

10        MR. MARANTZ:   No, Your Honor.

11        THE COURT:   Mr. Couloute?

12        MR. COULOUTE:   No, sir.

13        THE COURT:  Sheriff,  I'll take a fifteen

14   minute morning recess at this time.  I will have

15   an opportunity to review my notes and come out and

16   issue a ruling on the Motion to suppress.

17        THE SHERIFF:   All rise.  Court is now in a

18   fifteen minute recess.

19        (Off the record at 11:30 a.m. and back on the

20   record at 11:50 a.m.)

21        THE SHERIFF:   All rise.  Court is now

22   reconvened.  You may be seated.

23        THE COURT:   The court has had the

24   opportunity to review some of the authority relied

25   upon by the state as well as the defendant and

26   other authority not mentioned in argument by

27   counsel to the court with respect to suppression



1    of items that were seized on August 26, 1998.

2        The court finds that at the time of

3    August 26, 1998 the following facts occurred in

4    Stamford.   Officer larry Eisenstein, a veteran

5    member of the Stamford Police Department together

6    with some of his colleagues, received information

7    from a confidential informant.  Officer Eisenstein

8    was on duty, received a call from a confidential

9    informant who said a motor vehicle was parked at

10   186 Greenwich Avenue, a public housing residential

11   building.  He said that a car was in the lot

12   described as an Olds Cutlass, gray, with further

13   physical description of said Cutlass bearing

14   Connecticut Registration 679 MBX.  Officer

15   Eisenstein works with the confidential informant

16   since 1990 and recently and over ten occasions

17   received reliable information leading to the

18   successful arrest, seizure and convictions of

19   other defendants, and in excess of thirty since

20   1990.

21       The informant provided Officer Eisenstein

22   with information that the said motor vehicle

23   contained an unspecified quantity of contraband,

24   specifically crack cocaine inside of the motor

25   vehicle.  The confidential informant further

26   stated that the vehicle was operated by a black

27   male who was described as 6 feet, over 200 pounds,



1    who was in the company of a female known to the

2    confidential informant as Marlene.

3        The officer set up a surveillance following

4    the receipt of that information.    Upon arrival at

5    the location the officers' confirmed the

6    information provided by the confidential informant

7    with respect to the location and description of

8    the motor vehicle, and the presence of a black

9    male fitting the description.    The surveillance

10    was conducted for a period of about fifteen

11    minutes.    During which time no drugs were seen by

12    the police officer nor were any transactions

13    observed.

14        But the police officer did observe a black

15    male fitting the description later found and

16    identified as the defendant Mr. Smith,

17    Emanuel B. Jr., approaching the vehicle leaning

18    down from his waist to the driver's side of the

19    motor vehicle.

20        The police moved in and Mr. Smith fled on

21    foot, and he attempted to cross a bridge.    He was

22    apprehended approximately 100 feet from the

23    location of said motor vehicle.    The defendant

24    fought the police who identified themselves as

25    police officers with a badge plainly displayed

26    during the pursuit and during the resistance.

27    The defendant was wrestled down.    The keys were

(15)

1    taken from the defendant.

2        The confidential informant has prior arrests

3    for drug possession and in fact has a pending case

4    in the Stamford Judicial District.    The

5    confidential informant did not know the defendant

6    but did know his companion Marlene.    The

7    confidential informant never provided information

8    that he saw Marlene handle drugs nor did he say

9    the defendant handled drugs.    The confidential

10   informant never bought, purchased --    when I say

11   bought, purchased drugs from the defendant nor

12   Marlene, however, the confidential informant is in

13   fact known at least to Officer Eisenstein to be a

14   drug user.    When the defendant was apprehended,

15   no drugs were found on his person.    The police had

16   previously determined prior to moving in that the

17   car was registered to someone other than the

18   defendant and his companion.    Specifically a car

19   Acarde Andre Dozier.

20       The police officer determined that the

21   defendant was Emanuel B. Smith, Jr. after

22   apprehending him and seizing seeing a pager and some cash.

23   The confidential informant never saw drugs being

24   placed in the motor vehicle.    The confidential

25   informant did not witness nor participate in the

26   crime.    At this time of the search and subject

27   seizure the motor vehicle was unoccupied and

*This and the* by the defendant with keys in his possession. 77

locked∧ The defendant was not in the car.  There

were no plain view circumstances wherein

contraband was seen by the police officers∧nor *in the car*

were there any existent circumstances at the time

of the search of the automobile.

Under both the federal and state constitution

the police must first obtain a warrant before

conducting a search unless an exception to the

warrant requirement applies.  I'm quoting from

Katz versus the United States, at 389 U.S. 347.

The warrant is required before every search or

seizure subject only to a few specifically

established and well delineated exceptions.

Quoting from the State of Connecticut versus

Longo found at 243 Connecticut 732, which further

quotes from the U.S. versus Rose case, 456 U.S.

798.  The scope of a warrant search of a

automobile is defined by the object of the search

and places in which there is probable cause to

believe that it may be found.

Quoting from Longo it is undisputed that in

that particular case occupants of a motor vehicle

and plural, occupants of a motor vehicle were

lawfully stopped, based upon traffic violations.

The probable cause to search the vehicle arose

when the police officer Pagonni smelled marijuana

and actually saw the marijuana seeds and



1    cigarettes in plan view inside of the car.  Here

2    the officers were searching for marijuana and

3    weapons.

4        Quoting State versus Dukes, which is 209

5    Connecticut '98, a police officer again stopped a

6    vehicle occupied by the defendant for a motor

7    vehicle violation determined that the license of

8    the operator --   defendant, had been suspended

9    and arrested him for that offense.  A search of

10   the defendant's clothing found a package of crack

11   cocaine in his jacket, which resulted in a search

12   of the vehicle for additional contraband.

13       Under the automobile exception, it permits a

14   warrantless search of an automobile whenever the

15   police have probable cause to do so.   Most of the

16   authorities cited for the search of an automobile

17   without a warrant referred to the defendant as

18   either a passenger or an operator and some

19   corroborating information by the police to

20   establish probable cause beyond information

21   provided by a confidential reliable informant.

22       In the State versus Leonard case, 14 Conn.

23   App. 134, which was affirmed by our Supreme Court

24   at 2210 Conn. 4890, the defendant was a passenger

25   in his own car.  The police officer noticed the

26   defendant as he appeared to be pushing something -

27   under the front seat.  The police officer looked

1    in and saw white powder on the driver's jacket and

2    mustache.    The white powder was in plain view.

3    The police officer had personal knowledge of his

4    training and experience that the white powder

5    could be contraband establishing, therefore,

6    probable cause to belief that the car contained

7    contraband and a warrantless search, therefore,

8    did not violate the defendant's federal or state

9    constitutional protection against unreasonable

10    searches and seizures.

11        In this instant case of State versus Smith

12    the basis of knowledge of the confidential

13    informant as well as his veracity not withstanding

14    the prior successful arrests resulting from

15    information provided by the said confidential

16    informant but particularly the basis of knowledge

17    of the confidential informant is at issue.

18        Here there were no exigent circumstances for

19    a warrantless search of the motor vehicle, which

20    as I stated was unoccupied and locked.    There was

21    no surveillance by the police prior to the search

22    to corroborate the confidential informant's

23    information that in fact drugs were contained

24    inside of the motor vehicle.

25        There was no evidence of any prior purchases

26    or controlled ~~business~~ buys to establish probable cause

27    to search the motor vehicle.    There was no plain



1   view of the contraband in the closed motor

2   vehicle.   There was no contraband found on the

3   person of the defendant after a search incident to

4   his arrest for fleeing and physically resisting

5   the police.   There were no statements by the

6   confidential informant to the police implicating

7   the confidential informant as a potential

8   defendant subject to arrest for purchasing

9   contraband from either the defendant or his

10  companion Marlene Smith and/or involving the

11  storage of drugs in the motor vehicle.

12      The Smith case is clearly distinguishable

13  from the Velasko case which was a case I should

14  state it's 248 Conn. 183, March 30, 1999 decision.

15  Because in the Velasko case veracity and basis of

16  the confidential --   basis of knowledge of the

17  confidential informant were his personal

18  observations and his actual participation in the

19  purchase of drugs from the defendant and it was a

20  finding of probable cause to conduct a warrantless

21  search of a person as opposed to the motor

22  vehicle.   The court finds that the property was

23  illegally seized without a warrant under

24  circumstances requiring of a warrant.   After

25  considering the totality of the circumstances the

26  warrantless search of the defendant --  of the

27  motor vehicle not the defendant, motor vehicle --



81

1    but the motor vehicle and the subject seizure of

2    the items inside of the motor vehicle were seized

3    in violation of Article First, Section Seven of

4    the Connecticut Constitution and the Fourth and

5    Fourteenth Amendment to the United States

6    Constitution.    And the Motion to Suppress is

7    granted.    Items seized including the contraband,

8    any personal affects are supressed, ordered

9    supressed in this case.

10        MR. COULOUTE:    The state takes exception

11    and asks permission to appeal.

12        THE COURT:    Exception noted.

13        THE COURT:    Permission granted.

14        MR. COULOUTE:    Thank you.

15        THE COURT:    With that, Mr. Couloute, we have

16    a jury here.  We have as I recall two proceedings,

17    one of them involving a fourth count of

18    interfering with a police officer and the parallel

19    proceeding of violation of probation case.

20        MR. COULOUTE:    The state will not proceed on

21    the interfering count, sir, not in front of a

22    jury, sir.

Go back
to 82
9-10

23        THE COURT:    All right.  Well, you have a

24    Violation of Probation petition as well?

25        MR. COULOUTE:    Yes, sir.

26        THE COURT:    Are you prepared to proceed with

27    that?

(21)

1              MR. COULOUTE:    Not today, no, sir.

2   *no request*    THE COURT:    What are you requesting?

3              MR. COULOUTE:    I'm requesting a day to have

4        the probation officer come in.    They were

5        scheduled to come in tomorrow.    We'll proceed

6        tomorrow.

7              THE COURT:    All right.    Did you wish to be

8        heard, Mr. Marantz?

9   *9*        MR. MARANTZ:    Your Honor, at this point we

10  *10*   are ready to proceed.    If the state is not ready

11       to proceed, we ask the matter be dismissed.

12             THE COURT:    I don't think the state said

13       it's not ready to proceed, I think that the state

14       said it was not going to prosecute the fourth

15       count.

16             MR. MARANTZ:    I ask the case be dismissed,

17       Your Honor.

18             THE COURT:    Mr. Couloute, are you entering a

19       nolle as to the fourth count, because if you are I

20       would assume that Mr. Marantz is going to object

21       and request that we proceed with the trial, is

22       that correct?

23             MR. MARANTZ:    Yes, sir.

24             MR. COULOUTE:    The state is entering a nolle

25       at this time, Your Honor.

26             THE COURT:    All right.    Nolle noted as to

27       the fourth count.    And the matter of the State

(22)

83

versus Smith is continued one day at the state's request in order to proceed with the Violation of Probation Petition. Madame Clerk, April 6.

MR. MARANTZ: If I may just briefly be heard, there was a Motion for Bond Reduction heard by Judge Comerford, that Judge Comerford reserved judgement on and determined that be heard before the trial court. We have not proceeded with that motion. I understand that the defendant has got a $50 bond regarding the Violation of Probation, however, he's held on a $100,000 bond regarding this case. In light of the court's ruling --

THE COURT: You're putting the state on notice you want to argue bond tomorrow. The state's entitled to notice. I'll here you on that request and make it in writing tomorrow when I proceed with -- when the state proceeds and I hear the Violation of Probation Petition. All right.

MR. MARANTZ: Thank you, Your Honor.

THE COURT: The matter is continued one day. Court stands in recess.

THE SHERIFF: All rise. Court stands in recess.

(Whereupon, the above case recessed at 12:06 p.m. to reconvene the following morning at 10:00 a.m.)

23

CR940066398S, CR930100155S          :          SUPERIOR COURT
CR980124871S
STATE OF CONNECTICUT                 :          STAMFORD/NORWALK

vs.                                  :          AT NORWALK

EMANUEL B. SMITH                     :          APRIL 6, 1999


          I, Patricia A. Pernacchio, Court Reporter for
the Superior Court, County of Fairfield do hereby certify
that the foregoing is a true and accurate transcription of
my steno notes taken in the above described case.

                          _Patricia A. Pernacchio_
                          Patricia A. Pernacchio
                          Court Reporter



State of Connecticut
Judicial Branch
Superior Court G.A. 20
17 Belden Avenue
Norwalk, Connecticut 06852
Telephone: (203)846-3237          FAX Number: (203)847-8710

(24)

## CRIMINAL/MOTOR VEHICLE JUDGMENT FILE

Docket Number: _____ S20N- *CR-98- 124871-3 T*

State of Connecticut vs. *Emmanuel B. Smith Jr.*

Defendant's Address: *87 Myano Lane*

City, State, Zip: *Stamford, Ct*

Proceedings Held at: *Norwalk*   Superior Court G.A. 20, at Norwalk

DATE OF PLEA: *8-27-1998*          DATE OF PLEA CHANGE   *NA*

Trial Date: _____          DATE OF FINDING/VERDICT: _____

DATE OF SENTENCE: *4-7-1999*          PRESIDING JUDGE: *Rodriguez, J*

UPON THE COMPLAINT OF THE PROSECUTING AUTHORITY FOR SAID SUPERIOR COURT, CHARGING THE ABOVE DEFENDANT WITH THE CRIME(S) OF:

| COUNT | OFFENSE | STATUTE NUMBER |
|-------|---------|----------------|
| FIRST | *Poss of Narc* | *21a-279(a)* |
| SECOND | *Sale of Certain Illegal drugs* | *21a-278(a)* |
| THIRD | *Cont/Subst. wi 1500ft/Hsy-School* | *21a-278a(b)* |
| FOURTH | *Int/P/Officer* | *53a-167a* |
| FIFTH | | |
| SIXTH | | |

said defendant was presented before said Superior Court.

❑ NOLLE:
The Assistant Prosecuting Authority entered a Nolle Prosequi on Count(s):

❑ SECOND OFFENDER:
        Before the defendant was put to plea on Count(s) No.:

(s)he was notified in the absence of the court, at the place and time shown below:

Locale:                          Date:                     Time :

of the contents of a Second Part of the Information, charging said defendant with having been previously convicted of the crime(s) of:

1

| COUNT | CRIME | STATUTE NUMBER | DATE OF CONVICTION | NAME OF COURT WHERE CONVICTION OCCURRED |
|-------|-------|----------------|---------------------|------------------------------------------|
| First | | | | |
| Second | | | | |
| Third | | | | |
| Fourth | | | | |
| Fifth | | | | |
| Sixth | | | | |

*(handwritten "24a" circled in the Statute Number column)*

❏ **APPOINTMENT OF GUARDIAN:**
It appearing that said defendant was a minor, the following person was appointed Guardian Ad Litem by the Court.

| Name and Address of Guardian: | | Date Appointed: | |
|---|---|---|---|

☒ **Advisement of Rights:**
  Said defendant was advised of his/her Constitutional rights according to statute by the Court,

| Name of Judge: *Tobin. J* | | Advisement Date: *8-27-1998* |
|---|---|---|
| ATTESTED: Assistant Clerk | | Date Signed: |

☒ **Public Defender Appointment:** *Special P.D.*
It appearing that said defendant should have counsel, the Public Defender/Special Public Defender named below was appointed by the Court to represent the defendant on the date indicated and said Public Defender appeared on behalf of the defendant on the date indicated below.

| Public Defender *David. J. Marantz -Special* | Appointment Date *8-27-98* | Appearance Date |
|---|---|---|

☒ **PLEA:**
The defendant, being then and there called upon to answer to said complaint for plea, pleaded

| ❏ Guilty to Count(s) No.: | |
|---|---|
| ❏ Nolo Contendere in writing to Count(s) No.: and the Court entered a finding of Guilty on said Count(s). | |
| ☒ Not Guilty to Count(s) No.: | |

❏ **Change of Plea:**
Later, the defendant changed the plea(s) previously entered to:

| ❏ Guilty to Count(s) No.: | |
|---|---|
| ❏ Nolo Contendere in writing to Count(s) No.: and the Court entered a finding of Guilty on said Count(s). | |
| ❏ Not Guilty to Count(s) No.: | |

❏ **Election and Finding / Verdict:**
Whereupon the Court advised the defendant of his/her right to a trial by a jury of six on the Count(s) to which (s)he had pleaded Not Guilty. The defendant then elected to be tried by:

|  | ❏ The Court |
|---|---|
|  | ❏ The Jury |

2

After a full hearing, of the case, the

☐ the Jury returned a verdict of

**(24b)**

| | |
|---|---|
| ☐ Guilty on Count(s) No | It was therefore adjudged that the defendant was guilty in manner and form as charged in said complaint on said count(s). |
| ☒ Not Guilty on Count(s) No. | And it was ordered the defendant be forthwith discharged from custody. |

☐ Whereupon, the defendant duly filed his/her Motion to Set Aside Verdict. The Court having heard the parties on said Motion, denied the same on

☐ Probation:
The Court thereupon deferred the imposition of sentence on the defendant pending the filing of the required pre-sentence investigation report by the Adult Probation Department. The pre-sentence report having been filed and considered, the Court sentenced the defendant to:

☐ pay a fine(s)     in the amount of
on Count(s)

respectively and to stand committed until judgment by complied with.

☐ be committed to the custody of the Commissioner of Correction on the following Count(s) for the term specified below:

| COUNT | OFFENSES OF WHICH ~~CONVICTED~~ | STATUTE NUMBER | SENTENCE OF THE COURT |
|---|---|---|---|
| FIRST | Poss of Narc | 21a.279a | Dismissed on 4-7-99 |
| SECOND | Sale of Certain Ill drugs | 21a.27F(a) | Insufficient Evidence |
| THIRD | Cont Subst w/i 1500ft Hsng / School | 21a.278a(b) | |
| FOURTH | Interfering. P.O. | | |
| FIFTH | | 21a.534-167a | Dismissed on 4-6-95 |
| SIXTH | | | |

Dated at Norwalk, Connecticut this the  25  Day of  January 2000

Attested (Clerk of the Court)

*Yauri Vayas*

3

**APPEAL - CRIMINAL**
JD-SC-29 New 8-92 (Old JD-SC-10)
P.B. §§ 65, 40.2, 4034
C.G.S. §§ 51-1971, 53-470

**INSTRUCTIONS**
1. Prepare on typewriter.
2. Sign "Appeal" and "Certification" sections below.
3. Submit in triplicate to the trial court clerk with sufficient additional copies for each other counsel of record and one copy on opposing counsel.
4. File a copy of the endorsed Appeal form together with the papers required by P.B. § 4013 with the Appellate Clerk.

☐ **TO SUPREME COURT**
☐ **TO APPELLATE COURT**

2 3 1999
APPELLATE DOCKET

19503

**NAME OF CASE** (State full name of case as appears in judgment file)
State of Connecticut v. Emanuel B. Smith

**CLASSIFICATION**
☒ APPEAL  ☐ CROSS APPEAL  ☐ JOINT APPEAL  ☐ AMENDED APPEAL  ☐ CONSOLIDATED APPEAL  ☐ STIPULATION FOR RESERVATION  ☐ CORRECTED/AMENDED APPEAL FORM  ☐ OTHER (Specify)

**TRIAL COURT HISTORY**

TRIED TO
☒ COURT  ☐ JURY  ☐ MAGISTRATE   TRIAL COURT LOCATION: G.A. #20, 17 Belden Ave., Norwalk, CT  06850

TRIAL COURT JUDGE(S)
Rodriguez

LIST ALL TRIAL COURT DOCKET NUMBERS
CR98-124871S

JUDGMENT FOR   ☐ STATE OF CONNECTICUT   ☒ DEFENDANT

JUDGMENT DATE: 4-6-99   DATE FOR FILING APPEAL EXTENDED TO   DATE OF ISSUANCE OF NOTICE ON ANY ORDER ON ANY MOTION WHICH WOULD RENDER JUDGMENT INEFFECTIVE

CASE TYPE
☐ INFRACTION  ☐ JUVENILE  ☒ FELONY/MISDEMEANOR
☐ OTHER (Specify)

**APPEAL**

APPEAL FILED BY
☒ STATE OF CONNECTICUT  ☐ DEFENDANT _____  ☐ OTHER _____

FROM (the action which constitutes the final judgment): The trial court's dismissal of the
information on April 6, 1999.

IF THIS APPEAL IS TAKEN BY THE STATE OF CONNECTICUT, GIVE NAME OF JUDGE GRANTING PERMISSION TO APPEAL AND DATE OF ORDER
Permission to appeal (Rodriguez, J.) granted on April 6, 1999.

IF TO SUPREME COURT, STATUTORY BASIS FOR THE APPEAL (C.G.S. § 51-199)

BY (Signature of attorney or the party)   TELEPHONE NO. (203) 847-4527   JURIS NO. (if applicable)

TYPE NAME AND ADDRESS OF PERSON SIGNING ABOVE (This is your appearance; see P.B. § 4034)

**APPEARANCE**

Matthew Couloute, Jr., Deputy Asst. State's Atty., 17 Belden Ave., Norwalk, CT 06852

"X" ONE IF APPLICABLE
☐ Pursuant to P.B. § 4034, counsel who files this appeal shall be deemed to have appeared in addition to counsel of record who appeared in the trial court.
☐ Pursuant to P.B. § 65 counsel who files this appeal is appearing in lieu of:   NAME OF COUNSEL AND JURIS NO.

**ATTACHMENTS**

INDICATE WHICH OF THE FOLLOWING ARE ATTACHED BY PLACING AN "X" IN THE PROPER BOX(ES)
☐ 1. PRELIMINARY STATEMENT OF THE ISSUES   ☒ 4. PRELIMINARY DESIGNATION OF PLEADINGS
☐ 2. DOCKETING STATEMENT   (Failure to provide completed form, listing name, address, telephone no. and juris no. of all parties of record may result in the return of this appeal.)
☐ 3. COURT REPORTER'S ACKNOWLEDGMENT/CERTIFICATE RE: TRANSCRIPT

**RECOGNIZANCE**

NAME OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $400   TELEPHONE NO.
N/A
ADDRESS OF PERSON NAMED ABOVE

SIGNED (Official taking recognizance; 'X' proper box)   ☐ Comm. Sup. Court  ☐ Court Clerk   DATE SIGNED

**CERTIFICATION** (P.B. § 4013)
I HEREBY CERTIFY THAT A COPY HEREOF WAS SERVED ON ALL COUNSEL AND PRO SE PARTIES OF RECORD IN ACCORDANCE WITH THE PROVISIONS OF P.B. § 4014 ON:   DATE 4/  /99   SIGNED (Individual counsel)

*To be completed by trial court clerk*

☐ Entry Fee Paid   ☒ No Fees Required   Security furnished:  ☐ Cash  ☐ Bond
☐ Record Fee Paid (A.C. only)   ☐ Fees, Costs, and Security waived by Judge:   ☐ Recognizance

(Judge)   (Date)   SIGNED (Clerk of trial court)

(26)

NO. CR98-124871S

STATE OF CONNECTICUT          :          APPELLATE COURT

V.                            :          STATE OF CONNECTICUT

EMANUEL B. SMITH              :          APRIL 26, 1999

### DOCKETING STATEMENT

    Pursuant to Connecticut Practice Book §63-4(a)(4), the State of Connecticut-Appellant hereby states the following:

    1.  The names and addresses of all parties to the appeal and their counsel:

          The defendant:

          Emanuel B. Smith

          Represented by:

          David J. Marantz, Esq.
          1234 Summer Street
          Stamford, CT 06905
          telephone (203) 358-8191
          facsimile (203) 348-0196

          The State of Connecticut:

          Susan C. Marks
          Supervisory Assistant State's Attorney
          Appellate Bureau
          Office of the Chief State's Attorney
          300 Corporate Place
          Rocky Hill, CT  06067
          Telephone (860) 258-5807
          Facsimile (860) 258-5828
          Juris No. 401855

RECORD COPY

2. The State knows of no person having a legal interest in this appeal sufficient to raise a substantial question regarding the disqualification of any appellate court judge.

3. There are no pending appeals which are related to this one.

4. There were no exhibits in the trial court.

5. The defendant is incarcerated, but not as a result of these proceedings.

Respectfully submitted,

STATE OF CONNECTICUT

By: _____

SUSAN C. MARKS
Supervisory Assistant State's Attorney
Appellate Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT  06067
Telephone No. (860) 258-5807
Facsimile No. (860) 258-5828
Juris No. 401855

## CERTIFICATION

I hereby certify that a copy of this document was mailed to David J. Marantz, Attorney-at-Law, 1234 Summer Street, Stamford, CT 06905, telephone (203) 358-8191, facsimile (203) 348-0196, on April 26, 1999.

_____

SUSAN C. MARKS
Supervisory Assistant State's Attorney

## ~~COUNTER~~STATEMENT OF THE ISSUES

I.   WHETHER THE TRIAL COURT IMPROVIDENTLY DETERMINED THAT THERE WAS NO PROBABLE CAUSE TO SEARCH THE SUSPECT VEHICLE BECAUSE IT RELIED ON FACTS NOT IN EVIDENCE AND IMPROPERLY APPLIED LONG STANDING LEGAL PRECEDENT TO THE FACTS THAT WERE PRESENTED?

II.  WHETHER THE TRIAL COURT ERRONEOUSLY CONCLUDED THAT THE SEARCH OF THE VEHICLE WAS NOT A VALID SEARCH INCIDENT TO ARREST?

III. WHETHER THE TRIAL COURT IMPROVIDENTLY GRANTED THE DEFENDANT'S MOTION TO SUPPRESS?

[Clerk's Note:  This Statement of Issues was taken from the brief of the State of Connecticut-Appellant, filed January 5, 2000. – scr a/c]

i

(CR98-124871 S)
A.C. 19503

(29)

STATE OF CONNECTICUT

v.

EMANUEL B. SMITH, JR.

APPELLATE COURT

STATE OF CONNECTICUT

APRIL 28 , 1999

## APPELLEE'S PRELIMINARY STATEMENT OF ISSUES

Pursuant to Conn. Prac. Bk. 4013 (a)(1), the defendant-appellee presents the following alternative grounds upon which the judgment of the habeas court may be affirmed:

Such alternate grounds upon which the trial court's ruling may be affirmed as appear on the record in the trial court.

Respectfully submitted,
DEFENDANT-APPELLEE
EMANUEL B. SMITH, JR.

BY: _Mark Rademacher_
MARK RADEMACHER
ASSISTANT PUBLIC DEFENDER
JURIS NO. 40172287
CHIEF PUBLIC DEFENDER OFFICE
2911 DIXWELL AVE, 4TH FLOOR
HAMDEN, CONNECTICUT 06518
TEL. (203) 867-6150
FAX 867-6157

HIS ATTORNEY