UNITED STATES DISTRICT COURT
District of Connecticut

Emmanuel Smith
petitioner

vs.

Theresa Lantz - commissioner

FILED Case No. 3:03 CV 676 (RNC)
Date August 10-2006

motion for clarity and relief from order given to me date August 1st, 2006

Pursuant to Federal rules of civil procedure Rule 60, 5(a)(b), 11(A), 79 (a)(b)(c)(d), and any other applicable federal rules of civil procedure. Some of the reasons for this motion is as follows:

① I (Emmanuel Smith), the habeas corpus petitioner filed motions for summary judgment and immediate hearing with in the week of 7-24 through 27-2006, and I believe that a clerical mistake has taken place. That mistake is me being the one who filed the motions and the court mistaken it as the defendants who filed the summary judgment motion.;

② These motions previously stated have not gotten a response.;

③ Also I the petitioner never received a copy of the defendants allege summary judgment motion.;

④ In-addition the defendants have yet to answer this habeas corpus petition, that was filed over 3 years ago - May-2003.

Wherefore, petitioner prays that this court:

A). Correct these issues previously stated; and make these issues previously stated part of the record.

Also note a copy of the summary judgment order has been attached.

_____/s/_____
Emmanuel Smith
Petitioner

CERTIFICATION

I hereby certify that a copy of the foregoing pleading, document was mailed/presented to the defendant at 24 Wolcott Hill Rd. Wethersfield, CT. 06109 on date August 10_____, 2006

_____/s/_____
Emmanuel Smith

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

Emmanuel B. Smith, Jr.

v.

John Tarascio, et al

: PRISONER
: Case No. 3:03CV676(RNC)

## ORDER OF NOTICE TO PRO SE LITIGANT

On 7/27/2006, the defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Rule 7(a), D. Conn. L. Civ. R., requires the plaintiff to file a response within twenty-one days of the date the motion was filed. **Response due by August 17, 2006.**

Pursuant to Vital v. Interfaith Medical Ctr., 168 F.3d 615 (2d Cir. 1999) and McPherson v. Coombe, 174 F.3d 276 (2d Cir. 1999), the court hereby gives notice to the plaintiff that any factual assertions in the documents accompanying the defendants' motion will be accepted as true unless the plaintiff files affidavits or other documentary evidence to contradict the defendants' assertions. The plaintiff may not simply rely on his complaint. Also, a memorandum is not sufficient to oppose the defendants' motion. The plaintiff must respond to the motion for summary judgment with affidavits made on personal knowledge or other documentary evidence to show that there is a genuine issue of material fact for trial.[1]

---

[1] Rule 56(e), Fed. R. Civ. P., states:

Supporting and opposing affidavits shall be made on

Furthermore, a party opposing a motion for summary judgment has obligations under Local Rule 56(a)2. That rule requires a party opposing summary judgment to include in his opposition papers a "Local Rule 56(a)2 Statement." The Local Rule 56(a)2 Statement is in response to the moving party's 56(a)1 Statement of Material Facts which sets forth the facts which the moving party contends are undisputed. The plaintiff must state whether he admits or denies each such fact. The plaintiff's 56(a)2 statement must also list in a separate section each issue of material fact which the plaintiff contends must be tried. In addition, Local Rule 56 requires that:

> [e]ach statement of material fact in a Local Rule 56(a) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R. 56(a)3. If the plaintiff does not file a 56(a)2 statement, all material

---

personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

facts set forth in the moving party's Rule 56(a)1 statement will be deemed admitted.

Thus, under the court rules and applicable case law, the plaintiff must file a response to the defendants' motion for summary judgment within twenty-one (21) days of the date the motion was filed. The response should be accompanied by affidavits and/or the other evidence described above. If the plaintiff does not respond within twenty-one days of the date the motion was filed, the court may grant the motion for summary judgment absent objection. If summary judgment is granted against the plaintiff, the case will not proceed to trial. Instead, judgment will enter in favor of the defendants and the case will be closed.

Dated this   1st   day of August, 2006.


                                    BY   ORDER OF THE COURT
                                    KEVIN F. ROWE, CLERK

3:03-cv-676(RNC)

Emmanuel B. Smith, Jr
Inmate 232549
Osborn Correctional Institution
335 Bilton Road
P.O. Box 100
Somers, CT 06021

Note: You may receive notice that the court has electronically filed an order. You also may receive documents or orders that have an electronic signature. Which appears as "/s/" on the signature line. These documents are properly filed.