UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Emmanuel Smith,
   Petitioner,
v.

JOHN TARASCIO, ET AL.,
   Respondents.

FILED

Case No. 2003-cv-676(RNC)
2006 SEP 18 P 4: 18
Date September-14-2006
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

"Local Rule 56(a)1 statement"

   Pursuant to Local Rule 56(a)1 statement and facts that appear without controversy: the undersigned petitioner move for summary judgment on the following grounds.

1.) Police officers took actions to create an exigency and subsequently used that exigency to justify a search and seizure without a warrant;

2.) The police had ample time to obtain a search warrant on the vehicle, which was learned to be the vehicle of Acarde Andre Docie during the fifteen minutes of observation before arrest of Emmanuel Smith over 100 feet away from the vehicle;

3.) Emmanuel Smith was witness doing nothing wrong and his identity was not known till officer Larry Eisenstein was up close at the time of arrest in statement under oath by officer Larry Eisenstein;

4.) Police had exclusive custody of vehicle allege to be Emmanuel Smith's and could have obtained a warrant;

5.) Contact was not initiated nor was Emmanuel Smith an occupant of the lock car or positively linked to automobile which makes search of automobile not justified;

6.) The arrest was not predicated upon grounds that exceeded the requirement that an arrest "must stand upon firmer ground than mere suspicion";

7.) At the arraignment on August 27, 1998 the state of Connecticut and court failed to make known and examine the key historical facts of the arrest;

8.) The search of the car was not incident to a valid custodial arrest;

9.) The arrest itself was not valid;

10.) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest;

11.) On August 27-1993 there was no probable cause found for the original arrest charge of interfering with police officer Connecticut General statutes section 53a-167a at arraignment pursuant to connecticut General statutes 54-1f(b)(d), 53-39 malicious prosecution, and connecticut Rules of court section 37-12. Defendant in custody;

12.) There being no probable cause found for the original arrest charge makes further proceeding with this charge in violation of connecticut General statutes section 53-39 malicious prosecution;

13.) The fuse hood given to the connecticut supreme court by way of the interfering charge 53a-167a was intrinsic in connecticut supreme court finding exigent circumstances, and my dismissal for docket number CR95-124891 being reversed and the case remanded for further proceeding;

14.) There was also no new information or evidence presented after the granted suppression hearing from the first trial. The same evidence from the first trial was used for the second trial. Blackburger test;

15.) My property was seized without a hearing, and such a seizure is not in accordance with procedural due process. The property seized was my check book, bank statements, saving book and currency. The illegally seized property was used against me;

16.) There was no compliance with the Norwalk court's twice given orders to return property by the states Attorney;

17.) As a result of the failure by the state's Attorney to return seized property, the petitioner was denied liberty;

18.) It is axiomatic that an incident search may not precede an arrest

and serve as part of its justification. see Sibron v. New York, 392 U.S. 40, 63, 88 S.Ct. 1889, 1902, 20 L.Ed.2d 917 (1968);

19.) Reasoning which justifies the arrest by the search and the search by the arrest just "will not do". see Johnson v. U.S., 333 U.S. 10, 16-17, 68 S.Ct. 367, 370, 92 L.Ed. 436 (1948);

20.) The exception for searches incident to arrest permits the police to search a lawfully arrested person and areas within his immediate control.... it dose not permit the police to search any citizen with out a warrant or probable cause so long as an arrest immediately follows. see Smith v. Ohio, 494 U.S. 541, 543, 110 S.Ct. 1288, 1290, 108 L.Ed.2d 464 (1990).

*Emmanuel Smith*
Petitioner

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the petitioner in this action, that he has read this local Rule 56(a)1 statement and the information contained in the petition is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Executed at Osborn CI. 335 Bilton Rd Somers, CT 06071 (Location) on September-14-2006 (Date)

*Emmanuel Smith*
Petitioner

### CERTIFICATION

I hereby certify that a copy of the foregoing pleading, document was mailed/presented to defendant at 24 Wolcott Hill Rd. Wethersfield, CT 06109 on date 9-14- September-14, 2006

Michael E O'Hare, Supervisory Assistant States Attorney, office of the chief state's Attorney, 300 corprote Place, Rocky Hill, CT 06067.

*Emmanuel Smith*
Petitioner