UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EMMANUEL SMITH | : | |
|     Petitioner | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3-03-cv-676 (JCH) |
| | : | |
| JOHN TARASCIO, ET AL | : | OCTOBER 17, 2006 |
|     Respondents | : | |

**RULING RE: MOTION FOR EXTENSION OF TIME (DOC. NO. 22)**

Respondents have moved this court to extend the time to comply with its Order to Show Cause why the Petitioner's Habeas Corpus Petition should not be granted, from the time set by the court of September 5, 2006 (Doc. No. 16), until April 23, 2007.

This Petition concerns a challenge to the conviction of the Petitioner, Emmanuel B. Smith, Jr., on charges of possession of narcotics with intent to sell, possession of narcotics within 1500 feet of a housing project, possession of narcotics, and interfering. He was convicted in state court and a sentence of seven years to serve was imposed upon him.  He initially filed this Petition on April 11, 2003.  After several notices to the Petitioner about exhaustion of remedies, he eventually filed an Amended Application for a Writ on March 11, 2004.  For reasons that are not clear from the face of the docket, the case appears to have languished from that time in 2004 until the summer of 2006. Service was made on the respondents in August 2006, and an appearance filed on their behalf by Attorney Michael E. O'Hare on September 14, 2006.  The following day, Attorney O'Hare filed the instant Motion for Extension.

The supporting basis for the extension is that counsel assigned to this matter by the Office of the Chief State's Attorney is otherwise occupied with other matters. Among the responsibilities that he notes are an appellate brief due to the Second

Circuit in October, oral argument in a state habeas case for the Connecticut Appellate Court, and his involvement in five other habeas petitions pending in this District before this court.  Further, counsel for the Respondents advises the court, that as a member of the U.S. Army Reserve, he has responsibilities both for active duty as well as other responsibilities in the months of September and October.

While the court admires and respects counsel's service in the U.S. Army Reserve, the court notes that within a few days of this Order, counsel will have fulfilled his duties in that regard that he brought to the court's attention.  In addition, it appears that the two appellate matters which were occupying counsel's time will also be essentially completed in the month of October.  That leaves his assignment to five habeas cases before this court.

Counsel for Respondent appears to suggest that it will take him on average four to five weeks to address each of these Petitions for a writ of habeas corpus.  This court, of course, has no basis upon which to judge whether that is a reasonable period of time and must accept at face value counsel's implied representation in that regard.  However, the court cannot accept the suggestion that an additional habeas file may be assigned to an attorney in an Office knowing that he cannot adequately represent the Respondents in that Petition until some six months hence.  The nature of a Petition for Writ of Habeas Corpus is that the Petitioner claims that he is being held in violation of his constitutional rights.  He is entitled to have that issue addressed in a reasonable time frame.

It is this court's judgment that in this Petition, a reasonable period for the Respondents to reply to the Order to Show Cause is November 30, 2006.  It is the

court's view that that provides sufficient opportunity for the current counsel for Respondents to represent them adequately by replying the Order to Show Cause, or if he is unable to do so in that time period, to arrange for substitute counsel.

**SO ORDERED.**

    Dated at Bridgeport, Connecticut this 17th day of October, 2006.


                              /s/ Janet C. Hall
                              Janet C. Hall
                              United States District Judge