UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| EMMANUEL B. SMITH JR., | : | PRISONER |
| *Petitioner* | : | CASE NO. 3:03CV676(JCH) |
|  | : |  |
| V. | : |  |
|  | : |  |
| WARDEN JOHN TARASCIO, ET AL., | : | NOVEMBER 30, 2006 |
| *Respondent* | : |  |

<u>RESPONDENT'S MOTION TO DISMISS</u>

Now come the respondents and move to dismiss the petition for writ of habeas corpus filed in the above-captioned proceeding.  The respondents' motion is brought on the ground that the petitioner has failed to exhaust all but one of the claims that he raises in his amended petition [Doc. # 12] (hereinafter "petition") by fully presenting those claims to the state courts of Connecticut.  The petitioner recognizes that these claims are unexhausted and notes that if the court cannot review the unexhausted claims then "I would like to proceed on the single exhausted Fourth Amendment claim."  Petition [Doc. # 12] at 10.

The petitioner's request is problematic, because his single, exhausted claim raises a Fourth Amendment challenge to the police seizure of eleven bags of crack cocaine. Review of this claim is barred by the Supreme Court's holding in *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).  Thus, it is more appropriate to dismiss the instant petition on exhaustion grounds so that the petitioner may return to this Court once he has fully exhausted those claims that may be entitled to federal habeas review. Additional details and arguments may be found in the respondent's memorandum of law

which accompanies this motion.  That memorandum is filed pursuant to Rule 7(a) of the

Local Civil Rules of the United States District Court for the District of Connecticut.

## I.     PROCEDURAL HISTORY

This procedural history is compiled from documents forwarded as appendices to this

motion, as follows:

> Appendix A    Decision of the Connecticut Supreme Court on State's appeal of the trial court's suppression of evidence; *State v. Smith,* 257 Conn. 216, 777 A.2d 182 (2001) *(Smith I)*
>
> Appendix B    Decision of the Connecticut Appellate Court on direct appeal; *State v. Smith,* 94 Conn. App. 188, 891 A.2d 974 (2006) *(Smith II)*
>
> Appendix C    State habeas petition and petitioner's brief to the Connecticut Appellate Court in the pending state habeas corpus action *Smith v. Commissioner of Correction,* A.C. 27176

In the Superior Court for the judicial district of Stamford-Norwalk, the petitioner was

charged with possession of narcotics in violation of Connecticut General Statutes § 21a-

279(a), possession of narcotics with the intent to sell by a person who is not drug-

dependant in violation of § 21a-278(a), and possession of narcotics with the intent to sell

within 1500 feet of public housing in violation of § 21a-278a(b).  The petitioner moved to

suppress eleven bags of crack cocaine on the ground that the seizure of such evidence

violated his rights under the Fourth Amendment.  The trial court granted his motion.  The

State appealed that ruling.  On July 31, 2001, the Connecticut Supreme Court reversed the

judgment of the trial court and remanded the case for further proceedings.  *State v. Smith,*

257 Conn. 216, 777 A.2d 182 (2001) (hereinafter *"Smith I"*).

Subsequently, the the petitioner was convicted after a jury trial, *Kavanewsky J.,* presiding, of possession of narcotics in violation of General Statutes § 21-279(a).  On January 31, 2003, the trial court sentenced him to seven years incarceration.

The petitioner appealed.  On March 7, 2006, the Connecticut Appellate Court affirmed the judgment of conviction.  *State v. Smith,* 94 Conn. App. 188, 891 A.2d 974 (2006) (hereinafter *"Smith II"*).  The petitioner then filed a petition seeking discretionary review by the Connecticut Supreme Court.  On April 19, 2006, the Connecticut Supreme Court denied review.  *State v. Smith,* 278 Conn. 906, 897 A.2d 100 (2006).

Meanwhile, in May 2003, the petitioner filed a petition for writ of habeas corpus in state court.  *Emmanuel Smith v. Warden Tarascio–BCC,* Docket No. CV03-0403151, Superior Court in the judicial district of Bridgeport.  On October 17, 2005, the state habeas court granted the respondent's motion to dismiss the petition.  The petitioner appealed. *Emmanuel Smith v. Commissioner of Correction,* A.C. 27176.  His brief was filed in the Connecticut Appellate Court on June 7, 2006.  *See* Appendix C.  The respondent's brief was filed on October 11, 2006.  This appeal remains pending.

The petitioner commenced the instant habeas corpus proceeding brought under 28 U.S.C. § 2254 when he filed his initial petition on April 11, 2003.[1]

---

[1]    In its Order to Show Cause [Doc. # 16-1], the Court requested that the respondent address "whether the claim in the amended petition is barred by the statute of limitations."  Given the procedural history outlined above, it appears that the statute of limitations has not begun to run.  The time during which the petitioner's direct appeal and his state post-conviction proceedings are pending is excludable for statute of limitations purposes.  *See* 28 U.S.C. §§ 2244(d)(1)(A) and 2244(d)(2).

## II.    ARGUMENT

The petitioner raises several grounds for relief.  His only exhausted claim challenges the search of a vehicle that he was using and the seizure of eleven bags of crack cocaine. The remaining claims have not been exhausted in the state courts and, therefore, the petitioner has presented this Court with a "mixed petition."  As a result,  the petition must be dismissed.

Federal habeas corpus relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ."  28 U.S.C. § 2254(b)(1)(A).  Indeed, even if a petitioner can demonstrate a "clear violation" of his rights, federal relief is unwarranted unless available state remedies are exhausted. *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (per curiam).  This "exhaustion requirement springs primarily from considerations of comity." *Daye v. Attorney General,* 696 F.2d 186, 191 (2d Cir. 1982).  It requires that federal courts refrain from exercising "habeas review of a state conviction unless the state courts have had an opportunity to consider and correct any violation of federal law" and, thus, demonstrates "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions."  *Id.*  A claim is not "exhausted" unless it has been presented to the highest state court.  *Daye*, 696 F.2d at 190 n.3.

The petitioner has presented this Court with a "mixed" petition--*i.e.,* a petition containing both exhausted and unexhausted claims.  In *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982), the High Court held "that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."  *See*

4

*also Grey v. Hoke,* 933 F.2d 117, 120-21 (2d Cir. 1991) (if a "habeas petition contains both exhausted and unexhausted claims, it must be dismissed to enable petitioner to exhaust his unexhausted claims or to file a subsequent petition dropping them"); *Pesina v. Johnson,* 913 F.2d 53, 54 (2d Cir. 1990).  When confronted with a "mixed" petition, the district court must either send the petitioner "back to the state courts or afford him the opportunity to abandon his unexhausted claims and proceed only with his exhausted claims." *Zarvela v. Artuz,* 254 F.3d 374, 378 (2d Cir. 2001).

The instant petition is fairly characterized as a mixed petition.  Indeed, the petitioner recognizes that the majority of his claims are not exhausted.  Therefore, he requests that if the court cannot review the unexhausted claims then "I would like to proceed on the single exhausted Fourth Amendment claim."  Petition [Doc. # 12] at 10.  This request is problematic.  The petitioner's only exhausted claim raises a Fourth Amendment challenge to the police seizure of eleven bags of crack cocaine.  Review of this claim is barred by the Supreme Court's holding in *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).  Thus, rather than denying his single, exhausted claim, it appears that it would be more appropriate to dismiss the instant petition on exhaustion grounds so that the petitioner may return to this Court once he has fully exhausted those claims that may be entitled to federal habeas review.  Additional details and arguments may be found in the respondent's memorandum of law which accompanies this motion.  That memorandum is filed pursuant to Rule 7(a) of the Local Civil Rules of the United States District Court for the District of Connecticut.

III.     **CONCLUSION**

For the reasons set forth above and in the accompanying memorandum of law, this

Court should dismiss the petition attacking the petitioner's conviction.

Respectfully submitted,

RESPONDENTS-WARDEN JOHN
TARASCIO, ET AL.


By:     ____/s/_____
JO ANNE SULIK
Senior Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (fax)
E-mail: JoAnne.Sulik@po.state.ct.us
Fed. Bar. No. ct 15122

## **CERTIFICATION**

I hereby certify that a copy of this motion and its appendices was mailed to

Emmanuel B. Smith, Jr., Inmate # 232549, Osborn Correctional Center, 335 Bilton Road,

P.O. Box 100, Somers, Connecticut 06071, on November 30, 2006.


_____/s/_____
JO ANNE SULIK
Senior Assistant State's Attorney