UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EMMANUEL B. SMITH, JR.,<br>  Petitioner, | :<br>:<br>: CIVIL ACTION NO. |
| v. | : 3-03-cv-676 (JCH)<br>: |
| WARDEN JOHN TARASCIO, ET AL.,<br>  Respondents. | :<br>:    DECEMBER 8, 2006 |

**NOTICE TO PRO SE LITIGANT**

On November 30, 2006 respondents, Warden John Tarascio, et al., filed a Motion to Dismiss the Amended Petition for Writ of Habeas Corpus [Doc. No. 30] for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  A Rule 12(b)(6) motion to dismiss may only be granted if "it appears beyond doubt that the [petitioner] can prove no set of facts in support of [his] claim which would entitle [him] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Todd v. Exxon Corp., 275 F.3d 191, 197-98 (2d Cir. 2001).  In considering such a motion, the court must accept the factual allegations alleged in the petition as true and all inferences must be drawn in the petitioner's favor. Stephenson v. Dow Chemical Co., 273 F.3d 249, 256 (2d Cir. 2001).

---

[1] Respondents have filed their memorandum of law in support of their Motion to Dismiss pursuant to Rule 7(a) of the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut, which governs procedural standards for filing motions about disputed issues of law.  This motion, which the court assumes is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[is] permissible in habeas proceedings . . . as such motions are not inconsistent with the Rules Governing Section[s] 2254 [and 2255] Cases in the United States District Courts." Foster v. Phillips, 2005 WL 2978686, at *3 (S.D.N.Y. 2005) (citing Fed.R.Civ.P. 81(a)(2) ("These rules are applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in . . . the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings.")).

The court must "confine its consideration 'to facts stated on the face of the [petition], in documents appended to the [petition] or incorporated in the [petition] by reference, and to matters of which judicial notice may be taken.'" Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir.1999) (citations omitted). Because Smith is proceeding pro se, his petition "must be read liberally and should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir.1996) (citations omitted).

The court hereby gives notice to the pro se petitioner that he should file a memorandum in opposition to the respondents' Motion to Dismiss the Petition [Doc. No. 30]. The court orders that petitioner's memorandum must be filed by **JANUARY 8, 2007**, and any evidence that the petitioner has (for example, concerning exhaustion) should be attached to his memorandum. If the petitioner does not file such a memorandum, the respondents' motion will likely be granted if it appears, absent objection, to be well-grounded, and the claims the respondents seek to have dismissed will likely be dismissed. See generally Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994) (court has obligation to make certain that pro se litigants are aware of the local rules and understand the consequences of the failure to comply with such rules).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 8th day of December, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge