```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

EMMANUEL B. SMITH, JR.,
     Petitioner

                                    PRISONER
v.                                  CASE NO. 3:03-cv-676 (WWE)

JOHN TARASCIO, WARDEN, et al.
     Respondents
```

### MEMORANDUM OF DECISION

The petitioner is currently an inmate at the Osborn Correctional Institution in Somers, Connecticut. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 challenging his December 2002 state court conviction. Pending before the court is the respondents' motion to dismiss. For the reasons set forth below, the amended petition will be dismissed.

### I. PROCEDURAL BACKGROUND

In August 1998, Stamford Police Officers arrested the petitioner and charged him with one count of possession of narcotics in violation of Connecticut General Statutes 21a-279(a), one count of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of Connecticut General Statutes 21a-278(a), one count of possession of narcotics with intent to sell within 1500 feet of a public housing project in violation of Connecticut General Statutes 21a-278a(b) and one count of interfering with a police officer in violation of

Connecticut General Statutes 53a-167a(a). On April 6, 1999, the trial court granted petitioner's motion to suppress items, including eleven bags containing crack-cocaine, seized from an automobile in connection with his arrest. On April 7, 1999, the trial court dismissed all four counts of the information. With the permission of the trial court, the State of Connecticut appealed the ruling granting the motion to suppress. On July 31, 2001, the Connecticut Supreme Court reversed the decision of the trial court and remanded the case for further proceedings. See State v. Smith, 257 Conn. 216, 777 A.2d 182 (2001).

In November 2002, the State's Attorney subsequently re-instated the first three counts of the original information against the petitioner. On December 10, 2002, a jury in the Connecticut Superior Court for the Judicial District of Stamford at Norwalk convicted the petitioner of one count of possession of narcotics in violation of Connecticut General Statutes § 21a-278(a). On January 24, 2003, the trial court sentenced the petitioner to seven years of imprisonment.

On March 7, 2006, the Connecticut Appellate Court affirmed the judgment of conviction. State v. Smith, 94 Conn. App. 188, 891 A.2d 974 (2006). On April 19, 2006, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Connecticut Appellate Court. See State v. Smith,

278 Conn. 906, 897 A.2d 100 (2006).

In May 2003, the petitioner commenced a state habeas petition in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport. That petition remains pending.

The petitioner commenced this action in April 2003. He raised the following claims in his petition: (1) he was convicted based on evidence obtained in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures, (2) his arrest was unlawful, (3) his privilege against self-incrimination was violated, (4) the prosecution failed to disclose evidence favorable to him, (5) the trial judge and prosecution deprived jury of its fact-finding function, (6) he was subjected to double jeopardy, (7) he was denied effective assistance of counsel, (8) he was punished as a pretrial detainee, (9) state officials played a "shell game" of rights and remedies, (10) the prosecutor engaged in misconduct and (11) the state also used perjured testimony at trial and failed to correct false testimony.

On November 11, 2003, the court dismissed the petition without prejudice for failure to exhaust state court remedies as to all claims except the Fourth Amendment unlawful search claim. The court informed the petitioner that if he sought to proceed as to the exhausted Fourth Amendment claim, he must file a notice

with the court within thirty days withdrawing all other unexhausted claims. On November 23, 2003 and again on December 19, 2003, the court issued Notices providing additional information to the petitioner as to his options of either proceeding as to the exhausted claim and withdrawing the ten unexhausted claims or having the court dismiss all eleven claims without prejudice to re-filing after he exhausted claims.

On January 22, 2004, the petitioner filed a first amended petition raising the Fourth Amendment claim. Because the amended petition failed to answer questions concerning the appeal of his conviction, the court issued a third Notice directing petitioner to file a second amended petition to correct the errors in the first amended petition. On March 11, 2004, the petitioner filed a second amended petition raising the exhausted Fourth Amendment claim that his conviction was based on evidence obtained in violation of the Fourth Amendment. On November 30, 2006, the respondents filed a motion to dismiss the amended petition. In response to the court's order directing the petitioner to respond to the motion to dismiss, the petitioner sought a three week extension of time. The court granted the petitioner an extension of time until April 2007, to file a response to the motion to dismiss. To date, the petitioner has not filed his response or sought any further extension of time within which to do so.

4

**II.  STANDARD OF REVIEW**

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws.  See 28 U.S.C. § 2254(a).  A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court.  See Estelle v. McGuire, 502 U.S. 62, 68 (1991).

The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context."  Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir. 2002).  Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time

of the state court decision.  See Williams v. Taylor, 529 U.S. 362, 412 (2000) (taken from the portion of the opinion delivered by Justice O'Connor).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court, or if it decides a case differently than the Supreme Court on essentially the same facts.  See Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court unreasonably applies Supreme Court law when the court correctly identifies the governing law, but unreasonably applies that law to the facts of the case.  The state court decision must be more than incorrect; it also must be objectively unreasonable.  See Rompilla v. Beard, 545 U.S. 374, 380 (2005).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1); Boyette v, Lefevre, 246 F.3d 76, 88-89 (2d Cir. 2001) (noting that deference or presumption of correctness is afforded state court findings where state court has adjudicated constitutional claims on the merits).  Because collateral review of a conviction applies a different standard that the direct appeal, an error that may have supported reversal on direct appeal will not

6

necessarily be sufficient to grant a habeas petition.  See Brecht v. Abrahamson, 507 U.S. 619, 634 (1993).

### III.  DISCUSSION

The petitioner asserts one ground for relief in the second amended petition.  He claims that he was convicted based on evidence obtained in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures.  As indicated above, this claim was exhausted on appeal to the Connecticut Supreme Court.  Included in the description of this ground for relief are the following two sentences:

> Note-attached is a page asking if at all
> possible could the four grounds for habeas
> relief be added through sixth Amendment claim
> of ineffective assistance of counsel based on
> deficient representation in litigation of
> fourth Amendment fundamental fairness issue.
> If not, I would like to proceed on the single
> exhausted Fourth Amendment claim.

Second Am. Pet. Writ Habeas Corpus at 9.  There is no page attached to the amended petition describing these additional four grounds for relief relating to a Sixth Amendment claim of ineffective assistance of counsel.  Nor are they described anywhere else in the amended petition.  The court notes that any claims of ineffective assistance of counsel would not have been exhausted at the time petitioner filed his second amended petition in March 2004 as both the direct appeal of his

conviction and his state habeas petition remained pending. In light of these facts and the fact that the court has not given the petitioner the option of raising unexhausted claims in this action, the court considers the only ground raised in the second amended petition to be the exhausted Fourth Amendment search and seizure claim. Accordingly, the respondents' motion to dismiss on exhaustion grounds is denied as moot.

In Stone v. Powell, 428 U.S. 465, 482 (1976), the Supreme Court held: "[W]here the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." To receive habeas review on this claim, petitioner must show that: (1) the state failed to provide any corrective procedures by which the claim could be litigated, or (2) he was unable to avail himself of such corrective procedures because of an unconscionable breakdown in the underlying process for presenting such claim. See Capellan v. Riley, 975 F.2d 67, 70-72 (2d Cir. 1992).

The petitioner was afforded the opportunity to raise and litigate his Fourth Amendment claim in the trial court at an evidentiary hearing and on appeal of the trial court's decision on the motion to suppress to the Connecticut Supreme Court. As

the state has already provided the petitioner with ample opportunity to litigate his claim that he was convicted based on evidence obtained in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures, the claim is barred from federal habeas review by the Supreme Court's decision in Stone.  The claim is denied.

**IV.  CONCLUSION**

The Second Amended Petition for Writ of Habeas Corpus **[doc. # 14]** is **DENIED**.  The Motion to Dismiss [**doc. # 30**] on exhaustion grounds is **DENIED** as moot.  Because the petitioner has not made a showing of the denial of a constitutional right, a certificate of appealability will not issue.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 29th day of August, 2007, at Bridgeport, Connecticut.

_____/S/_____

\_\_\_Warren W. Eginton
      Senior United States District Judge